Roger G. Perkins, Esq., CSB #86617
Rperkins@mpplaw.com
Angela Kim, Esq., CSB #216374
Akim@mpplaw.com
MORRIS POLICH & PURDY LLP
501 West Broadway, Suite 500
San Diego, California 92101
Telephone: (619) 557-0404
Facsimile:  (619) 557-0460

Robert S. Mallin, Illinois Bar No. 6205051
Rmallin@brinkshofer.com
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
Telephone: (312) 321-4221
Facsimile:  (312) 321-4299

**Attorneys for Defendant One World Technologies, Inc.**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, As Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>EMERSON ELECTRIC CO., a Missouri Corporation; ONE WORLD TECHNOLOGIES, INC., a Delaware corporation; RIDGE TOOL COMPANY, an Ohio Corporation; RIDGID, INC., a Delaware corporation; and DOES 1-100<br><br>Defendants. | CASE NO. 3:08-cv-00060-BTM-CAB<br><br>**ONE WORLD TECHNOLOGIES, INC.'S RESPONSE TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>[Hon. Barry Ted Moskowitz]<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT

Defendant, One World Technologies, Inc. ("OWT") answers the allegations of plaintiff, Jens Erik Sorensen, as trustee of Sorensen Research and Development Trust ("SRDT") and asserts affirmative defenses and counterclaims as set forth below, solely on its own behalf. OWT is without

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in SRDT's Complaint with respect to the defendants referred to as DOES 1-100, and therefore denies the allegations with respect to them. To the extent that any response to the conclusory headings used in the complaint may be deemed required, OWT denies any allegations set forth in those headings. OWT denies any allegation not deemed to be addressed below, if any, to the extent that the allegation is deemed to require a response.

## THE PARTIES

1. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations except that OWT admits that with the exception of the numbering, Exhibit A appears to be a true and correct copy of U.S. Patent No. 4,935,184 ("the '184 patent").

2. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

3. Admitted.

4. [Paragraph 4 does not exist in the Complaint]

5. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

6. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

7. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

8. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

9. Denied.

10. Admitted that OWT designs, sells and offers to sell power tools with plastic housings but denies the remainder of the allegations.

## JURISDICTION AND VENUE

11. OWT admits that this action purports to be for alleged patent infringement but denies the remainder of the allegations.

12. OWT admits that venue is proper as to OWT. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other defendants and therefore denies the allegations with respect to them. OWT denies the remainder of the allegations.

13. OWT admits that this court has personal jurisdiction over OWT. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other defendants and therefore denies the allegations with respect to them. OWT denies the remainder of the allegations.

## GENERAL ALLEGATIONS

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Admitted that OWT designs, sells and offers to sell power tools with plastic housings. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other defendants and therefore denies the allegations with respect to them. OWT denies the remainder of the allegations.

20. Denied.

21. OWT admits that it has not obtained a license because no license is needed. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other defendants and therefore denies the allegations with respect to them. OWT denies the remainder of the allegations.

## CLAIM 1 – PATENT INFRINGEMENT

22. OWT realleges and incorporates herein by reference paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. Admitted that OWT designs, sells and offers to sell power tools with plastic housings. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other defendants and therefore denies the allegations with respect to them. OWT denies the remainder of the allegations.

24. OWT admits that Plaintiff has identified several RIDGID-branded products, but denies the remainder of the allegations.

25. Denied.

26. Denied.

27. Denied as to OWT. OWT is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other defendants and therefore denies the allegations with respect to them.

28. Denied.

29. OWT admits that all manufacturing of the products identified in paragraph 24 of the Complaint occurs in China but denies the remainder of the allegations.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

1. OWT has not and does not infringe, directly or indirectly, or actively induce others to infringe, or contribute to the infringement by others because OWT does not make, use, sell, offer to sell

or import any product manufactured by a process covered by any valid and enforceable claim of the '184 patent and does not practice any process covered by any valid and enforceable claim of the '184 patent.

2. The claims of the '184 patent are invalid and/or unenforceable for failing to meet one or more of the statutory requirements of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

3. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is limited because SRDT failed to provide notice as required by 35 U.S.C. § 287(b).

4. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is limited by the statute of limitations as set forth in 35 U.S.C. § 286.

5. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is barred in whole or in part by the equitable doctrine of laches.

6. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is barred in whole or in part by the equitable doctrine of equitable estoppel.

7. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is barred in whole or in part by the doctrine of prosecution history estoppel.

## RESPONSE TO SRDT'S PRAYER FOR RELIEF

The allegations in the paragraph requesting relief are in the nature of a prayer. Although no answer is required, OWT responds to the individual requests for relief as follows:

  a. OWT denies that a judgment ordering that the Accused Processes are presumed to infringe the '184 patent pursuant to 35 U.S.C. § 295 should be entered, and denies any and all liability of Plaintiff's claims;

  b. OWT denies that a judgment stating that the Defendants act together as a single enterprise for purposes of designing, manufacturing, marketing, importing, offering for sale, and or/selling the Accused Products should be entered;

  c. OWT denies that a judgment adjudicating and decreeing the Defendants to have infringed the '184 patent should be entered, and denies any and all liability of Plaintiff's claims;

    d.    OWT denies that a judgment adjudicating and decreeing the Defendants to have contributed to the infringement of the '184 patent and to have induced others to infringe the '184 patent should be entered, and denies any and all liability of Plaintiff's claims;

    e.    OWT denies that a judgment ordering the Defendants to account for damages adequate to compensate SRDT for the infringement of the '184 patent should be entered, and denies any and all liability of Plaintiff's claims;

    f.    OWT denies that a judgment ordering that such damages as are awarded, to the extent Plaintiff is entitled to any such damages, are trebled pursuant to 35 U.S.C. § 284 by reason of the willful, wanton, and deliberate nature of the infringement should be entered, and denies any and all liability of Plaintiff's claims;

    g.    OWT denies that a judgment decreeing this case to be an "exceptional case" and awarding SRDT reasonable attorneys' fees pursuant to 35 U.S.C. § 285 should be entered, and denies any and all liability of Plaintiff's claims;

    h.    OWT denies that a judgment awarding interest on such damages, to the extent Plaintiff is entitled to any such damages, should be entered, and denies any and all liability of Plaintiff's claims;

    i.    OWT denies that a judgment awarding all costs of suit herein incurred by Plaintiff should be entered, and denies any and all liability of Plaintiff's claims; and

    j.    OWT denies that a judgment should be entered for such other and further relief in favor of the Plaintiff, and denies any and all liability of Plaintiff's claims.

## COUNTERCLAIMS

1.    Counterclaim Plaintiff OWT is a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina, 29625.

2.    SRDT has alleged that Counterclaim Defendant SRDT is a California resident and trustee of a trust organized according to California law, and owner of all rights that may exist to the '184 patent.

3.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1337(a), 1338(a) and 1367.

4.    Personal jurisdiction is proper in this judicial district.

5.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

6.   SRDT has alleged that OWT is infringing one or more of the claims of the '184 patent by manufacturing, importing into, selling and/or offering for sale in the United States several RIDGID-branded power tools.

7.   SRDT is seeking damages from OWT for the alleged infringement of the '184 patent.

## FIRST COUNTERCLAIM
## FOR DECLARATION OF NONINFRINGEMENT

8.   OWT realleges and incorporates herein by reference paragraphs 1 through 7, inclusive, as though fully set forth herein.

9.   This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

10.  OWT has not and does not directly infringe, contributorily infringe or actively induce others to infringe any valid claim of the '184 patent by manufacturing, importing into, selling, and/or offering for sale in the United States any of the Accused Products, or by practicing any method covered by a valid and enforceable claim of the '184 patent.

## SECOND COUNTERCLAIM
## FOR DECLARATION OF PATENT INVALIDITY

11.  OWT realleges and incorporates herein by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

12.  The '184 patent is the subject of two granted requests for reexamination in the United States Patent and Trademark Office ("the PTO").

13.  The PTO has found more than twenty substantial new questions of patentability based on numerous prior art references that anticipate or render obvious the claims of the '184 patent.

14.  This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

15.  The claims of the '184 patent are invalid for failing to meet one or more of the statutory requirements of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, OWT prays for relief against SRDT as follows:

1. For a declaration that OWT does not infringe any valid claim of the '184 patent;

2. For a declaration that the claims of the '184 patent are invalid and/or unenforceable;

3. For a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award to OWT of its attorneys' fees and expenses in this action; and

4. For such relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to FED. R. CIV. P. 38(b), OWT hereby demands a trial by jury of all issues so triable in this action.

Date: March 5, 2008

MORRIS POLICH & PURDY, LLP

By: s/Angela Kim
Attorneys for Defendant
SENCO PRODUCTS, INC.
Akim@mpplaw.com

Robert S. Mallin, Illinois Bar No. 6205051
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599

Attorneys for Defendant
ONE WORLD TECHNOLOGIES, INC.

-8-

ONE WORLD TECHNOLOGIES, INC.'S RESPONSE TO COMPLAINT FOR PATENT INFRINGEMENT,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
3:08-CV-00060-BTM-CAB

*Jens Erik Sorensen v. Emerson Electric Co., et al.*
U.S. District Court, Southern District, CASE NO. 3:08-cv-00060-BTM-CAB

## CERTIFICATE OF SERVICE

I am employed in San Diego County. I am over the age of 18 and not a party to this action. My business address is 501 West Broadway, Suite 500, San Diego, California 92101-3544.

On March 5, 2008, I served a copy of the foregoing document(s) entitled: **ONE WORLD TECHNOLOGIES, INC.'S RESPONSE TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** to all parties in this action.

**SEE SERVICE LIST**

| | |
|---|---|
| Melody A. Kramer, Esq. CSB #169984<br>Mak@kramerlawip.com<br>Kramer Law Office, Inc.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, CA 92121<br>619/993-0874 | **Attorney for Plaintiff** |
| J. J. Michael Kaler, Esq.<br>michael@kalerlaw.com<br>9930 Mesa Rim Road, Suite 200<br>San Diego, California 92121<br>858/362-3151 | **Attorney for Plaintiff** |

☒ **ELECTRONIC FILING**

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 5, 2008, at San Diego, California.

_____
NANCY DAVIS

PROOF OF SERVICE
3:08-cv-00060-BTM-CAB

SD017451