ORLANDO F. CABANDAY (SBN 168131)
RYAN R. JIKE (SBN 199537)
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
Telephone: (310) 305-2100
Facsimile: (310) 305-2116
ocabanday@hgla.com

Attorneys for Defendants,
EMERSON ELECTRIC CO.,
RIDGE TOOL CO., and RIDGID, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                                    Plaintiff,<br>   vs.<br><br>EMERSON ELECTRIC CO., a Missouri corporation; ONE WORLD TECHNOLOGIES, INC., a Delaware corporation; RIDGE TOOL COMPANY, an Ohio corporation; RIDGID, INC., a Delaware corporation; and DOES 1 – 100,<br><br>                                    Defendants. | CASE NO.:   08-CV-0060 BTM CAB<br>Assigned to:  Hon. Barry Ted Moskowitz<br><br>**EMERSON ELECTRIC CO.'S, RIDGE TOOL COMPANY'S, AND RIDGID INC.'S RESPONSE TO COMPLAINT FOR PATENT INFRINGEMENT AND AFFIRMATIVE DEFENSES AND RIDGE TOOL COMPANY'S COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>Action Filed:    January 10, 2008 |
| RIDGE TOOL COMPANY, an Ohio corporation;<br><br>                            Counter-claimants,<br>   vs.<br><br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                           Counter-defendants. | |

1

## ANSWER TO COMPLAINT

Defendants, EMERSON ELECTRIC CO. ("EEC"), RIDGE TOOL COMPANY ("RTC"), and RIDGID INC. ("RI") (collectively "EMERSON") answer the allegations of plaintiff, Jens Erik Sorensen, as trustee of Sorensen Research and Development Trust ("SRDT") and assert affirmative defenses and counterclaims as set forth below, solely on their own behalf. EMERSON is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in SRDT's Complaint with respect to the defendants referred to as DOES 1-100, and therefore denies the allegations with respect to them. To the extent that any response to the conclusory headings used in the complaint may be deemed required, EMERSON denies any allegations set forth in those headings. EMERSON denies any allegation not deemed to be addressed below, if any, to the extent that the allegation is deemed to require a response.

## THE PARTIES

1. EMERSON is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations except that EMERSON admits that with the exception of the numbering, Exhibit A appears to be a true and correct copy of U.S. Patent No. 4,935,184 ("the '184 patent").

2. Admitted.

3. EMERSON is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

4. [Paragraph 4 does not exist in the Complaint]

5. Admitted.

6. Admitted.

7. EMERSON is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

8. EMERSON is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

9. Denied.

10. RTC admits that it has sold and offered for sale some RIDGID-branded power tools within the United States but denies the remainder of the allegations. EEC and RI deny these allegations.

## JURISDICTION AND VENUE

11. Admitted that this action purports to be for alleged patent infringement but denies the remainder of the allegations.

12. RTC admits that venue is proper to it but denies the remainder of the allegations. EEC and RI deny these allegations.

13. RTC admits that this Court has personal jurisdiction over it but denies the remainder of the allegations. EEC and RI deny these allegations.

## GENERAL ALLEGATIONS

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. RI admits that it received a letter dated September 24, 2004 from an attorney purporting to represent "Sorensen Research & Development Trust," where the letter identified U.S. Patent No. 4,935,184. Otherwise EMERSON denies these allegations.

19. RTC admits that it has sold and offered for sale some RIDGID-branded power tools within the United States but denies the remainder of the allegations. EEC and RI deny these allegations.

20. Denied.

21. EMERSON admits that no license has been obtained because no license is required. Emerson denies the remainder of the allegations.

///

///

## **CLAIM 1 - PATENT INFRINGEMENT**

22. EMERSON realleges and incorporates herein by reference paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. RTC admits that it has sold and offered for sale some RIDGID-branded power tools within the United States but denies the remainder of the allegations. EEC and RI deny these allegations.

24. EMERSON admits Plaintiff has identified several RIDGID-branded products, but denies the remainder of the allegations.

25. Denied.

26. Denied.

27. Denied as to EMERSON. EMERSON is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other defendants and therefore denies the allegations with respect to them.

28. Denied.

29. Upon information and belief, Emerson admits that all manufacturing of the products identified in paragraph 24 of the Complaint occurs in China but denies the remainder of the allegations.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## **AFFIRMATIVE DEFENSES**

1. EMERSON has not and does not infringe, directly or indirectly, or actively induce others to infringe, or contribute to the infringement by others

because EMERSON does not make, use, sell, offer to sell or import any product manufactured by a process covered by any valid and enforceable claim of the '184 patent and does not practice any process covered by any valid and enforceable claim of the '184 patent.

2. The claims of the '184 patent are invalid and/or unenforceable for failing to meet one or more of the statutory requirements of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

3. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is limited because SRDT failed to provide notice as required by 35 U.S.C. § 287(b).

4. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is limited by the statute of limitations as set forth in 35 U.S.C. § 286.

5. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is barred in whole or in part by the equitable doctrine of laches.

6. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is barred in whole or in part by the equitable doctrine of equitable estoppel.

7. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is barred in whole or in part by the doctrine of prosecution history estoppel.

## RESPONSE TO SRDT'S PRAYER FOR RELIEF

The allegations in the paragraph requesting relief are in the nature of a prayer. Although no answer is required, EMERSON responds to the individual requests for relief as follows:

a. EMERSON denies that a judgment ordering that the Accused Processes are presumed to infringe the '184 patent pursuant to 35 U.S.C. § 295 should be entered, and denies any and all liability of Plaintiff's claims;

b.   EMERSON denies that a judgment stating that the Defendants act together as a single enterprise for purposes of designing, manufacturing, marketing, importing, offering for sale, and or/selling the Accused Products should be entered;

c.   EMERSON denies that a judgment adjudicating and decreeing the Defendants to have infringed the '184 patent should be entered, and denies any and all liability of Plaintiff's claims;

d.   EMERSON denies that a judgment adjudicating and decreeing the Defendants to have contributed to the infringement of the '184 patent and to have induced others to infringe the '184 patent should be entered, and denies any and all liability of Plaintiff's claims;

e.   EMERSON denies that a judgment ordering the Defendants to account for damages adequate to compensate SRDT for the infringement of the '184 patent should be entered, and denies any and all liability of Plaintiff's claims;

f.   EMERSON denies that a judgment ordering that such damages as are awarded, to the extent Plaintiff is entitled to any such damages, are trebled pursuant to 35 U.S.C. § 284 by reason of the willful, wanton, and deliberate nature of the infringement should be entered, and denies any and all liability of Plaintiff's claims;

g.   EMERSON denies that a judgment decreeing this case to be an "exceptional case" and awarding SRDT reasonable attorneys' fees pursuant to 35 U.S.C. § 285 should be entered, and denies any and all liability of Plaintiff's claims;

h.   EMERSON denies that a judgment awarding interest on such damages, to the extent Plaintiff is entitled to any such damages, should be entered, and denies any and all liability of Plaintiff's claims;

i.   EMERSON denies that a judgment awarding all costs of suit herein incurred by Plaintiff should be entered, and denies any and all liability of Plaintiff's claims; and

/ / /

/ / /

j.   EMERSON denies that a judgment should be entered for such other and further relief in favor of the Plaintiff, and denies any and all liability of Plaintiff's claims.

## PRAYER FOR RELIEF

WHEREFORE, EMERSON requests the following relief:

a.   Dismissal of Plaintiff's Complaint, with prejudice;

b.   A judgment that EMERSON has not infringed, induced infringement or contributed to the infringement of any valid claim of the '184 patent;

c.   A judgment that the claims of the '184 patent are invalid;

d.   Judgment in favor of EMERSON on all of the Plaintiff's claims;

e.   A judgment that this is an exceptional case under 35 U.S.C. § 285 and for an award to EMERSON of its attorneys' fees and expenses in this action; and

f.   For such relief as the Court may deem just and proper.

## COUNTERCLAIMS

1.   Counterclaim Plaintiff RTC is an Ohio corporation with a principal place of business at 400 Clark Street, Elyria, Ohio 44035.

2.   SRDT has alleged that Counterclaim Defendant SRDT is a California resident and trustee of a trust organized according to California law, and owner of all rights that may exist to the '184 patent.

3.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1337(a), 1338(a), and 1367.

4.   Personal jurisdiction is proper in this judicial district.

5.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

6.   SRDT has alleged that EMERSON is infringing one or more of the claims of the '184 patent by manufacturing, importing into, selling and/or offering for sale in the United States several RIDGID-branded power tools.

7. SRDT is seeking damages from EMERSON for the alleged infringement of the '184 patent.

## FIRST COUNTERCLAIM
## FOR DECLARATION OF NONINFRINGEMENT

8. RTC realleges and incorporates herein by reference paragraphs 1 through 7, inclusive, as though fully set forth herein.

9. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

10. RTC has not and does not directly infringe, contributorily infringe or actively induce others to infringe any valid claim of the '184 patent by manufacturing, importing into, selling, and/or offering for sale in the United States any of the Accused Products, or by practicing any method covered by a valid and enforceable claim of the '184 patent.

## SECOND COUNTERCLAIM
## FOR DECLARATION OF PATENT INVALIDITY

11. RTC realleges and incorporates herein by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

12. The '184 patent is the subject of two granted requests for reexamination in the United States Patent and Trademark Office ("the PTO").

13. The PTO has found more than twenty substantial new questions of patentability based on numerous prior art references that anticipate or render obvious the claims of the '184 patent.

14. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

///

15. The claims of the '184 patent are invalid for failing to meet one or more of the statutory requirements of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, RTC prays for relief against SRDT as follows:

1. For a declaration that RTC does not infringe any valid claim of the '184 patent;

2. For a declaration that the claims of the '184 patent are invalid and/or unenforceable;

3. For a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award to RTC of its attorneys' fees and expenses in this action; and

4. For such relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38(b), EMERSON hereby demands a trial by jury of all issues so triable in this action.

DATED: March 5, 2008                          HENNELLY & GROSSFELD LLP

By:   *s / Orlando F. Cabanday*
      ORLANDO F. CABANDAY
      Attorneys for Defendants,
      EMERSON ELECTRIC CO.,
      RIDGE TOOL CO., and RIDGID, INC.
      E-mail: ocabanday@hgla.com