Exhibit 1





PTO/SB/57 (07-07)
Approved for use through 07/31/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO-1465)

# REQUEST FOR *EX PARTE* REEXAMINATION TRANSMITTAL FORM

Address to:
**Mail Stop *Ex Parte* Reexam
Commissioner for Patents
P. O. Box 1450
Alexandria, VA  22313-1450**

**Attorney Docket No.: X32441**

**Date: July 30, 2007**

90008775

07/30/07

1. ☒ This is a request for *ex parte* reexamination pursuant to 37 CFR 1.510 of patent number 4,935,184 issued June 19, 1990 . The request is made by:
   ☐ patent owner.     ☒ third party requester.

2. ☒ The name and address of the person requesting reexamination is:
   Arnold Turk, Esq.
   Greenblum & Bernstein, P.L.C.
   1950 Roland Clarke Place, Reston, VA 20191

3. ☒ a. A check in the amount of $ 2,520.00  is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(1);
   ☒ b. The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(1) to Deposit Account No. 19-0089   (submit duplicative copy for fee processing); or
   ☐ c. Payment by credit card. Form PTO-2038 is attached.

4. ☒ Any refund should be made by ☐ check or ☒ credit to Deposit Account No. 19-0089  .
   37 CFR 1.26(c).  If payment is made by credit card, refund must be to credit card account.

5. ☒ A copy of the patent to be reexamined having a double column format on one side of a separate paper is enclosed. 37 CFR 1.510(b)(4)

6. ☐ CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table
   ☐ Landscape Table on CD

7. ☐ Nucleotide and/or Amino Acid Sequence Submission
   *If applicable, items a. – c. are required.*
   a. ☐ Computer Readable Form (CRF)
   b. Specification Sequence Listing on:
      i. ☐ CD-ROM (2 copies) or CD-R (2 copies); **or**
      ii. ☐ paper
   c. ☐ Statements verifying identity of above copies

8. ☐ A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included.

9. ☒ Reexamination of claim(s) 1, 2, 4, 6-10   is requested.

10. ☒ A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on Form PTO/SB/08, PTO-1449, or equivalent.

11. ☒ An English language translation of all necessary and pertinent non-English language patents and/or printed publications is included.

08/01/2007 MTWITTY   00000001 90008775

01 FC:1812      2520.00 OP

[Page 1 of 2]

This collection of information is required by 37 CFR 1.510.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. § 122 and 37 CFR 1.11 and 1.14.  This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS: SEND TO:  Mail Stop *Ex Parte* Reexam, Commissioner for Patents, P. O. Box 1450, Alexandria, VA  22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

{X32441 00232592.DOC}

PTO/SB/57 (07-07)
Approved for use through 07/31/2007.- OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12. ☒ The attached detailed request includes at least the following items:
    a. A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.510(b)(1)
    b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.510(b)(2)

13. ☐ A proposed amendment is included (only where the patent owner is the requester). 37 CFR 1.510(e)

14. ☒ a. It is certified that a copy of this request (if filed by other than the patent owner) has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).
    The name and address of the party served and the date of service are:

| | |
|---|---|
| James Michael Kaler | Edward W. Callan |
| The Law Offices of James M. Kaler | 3830 Valley Center Drive, No.705, PMB452 |
| 9930 Mesa Rim Road Suite 200, San Diego, CA 92121 | San Diego, CA 92130 |

    Date of Service: July 30, 2007 _____ ; or

    ☐ b. A duplicate copy is enclosed since service on patent owner was not possible.

15. Correspondence Address: Direct all communication about the reexamination to:

    ☒ The address associated with Customer Number:    | 07055 |
    ☒ OR

☒ Firm or
  Individual Name Greenblum & Bernstein, P.L.C.

Address
    1950 Roland Clarke Place

| City | Reston | State VA | Zip 20191 |
|---|---|---|---|

Country
  United States

| Telephone | (703) 716-1191 | Email aturk@gbpatent.com |
|---|---|---|

16. ☒ The patent is currently the subject of the following concurrent proceeding(s):
    ☐ a. Copending reissue Application No. _____
    ☐ b. Copending reexamination Control No. _____
    ☐ c. Copending Interference No. _____
    ☒ d. Copending litigation styled:
        (1) Jens E. Sorensen v. Black Decker (U.S.) Inc., et al., Civil Action No. 06-cv-1572
        (2) Jens E. Sorensen v. Tecnica USA Corp. and Nordica USA Corp., Civil Action No. 06-cv-1941
        (3) Previous litigation listed in Request

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

| | |
|---|---|
| _Arnold Turk_ (signature) | July 30, 2007 |
| Authorized Signature | Date |

| | | |
|---|---|---|
| Arnold Turk | 33094 | ☐ For Patent Owner Requester |
| Typed/Printed Name | Registration No. | ☒ For Third Party Requester |

[Page 2 of 2]

{X32441 00232592.DOC}

Exhibit 2

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,775 | 07/30/2007 | 4935184 | X32441 | 9943 |

| 22653      7590      10/11/2007 | EXAMINER |
|---|---|

EDWARD W CALLAN
NO. 705 PMB 452
3830 VALLEY CENTRE DRIVE
SAN DIEGO, CA  92130

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 10/11/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

10/11/07

Arnold Turk, Esq.

Greenblum & Bernstein P. L. C.

1950 Roland Clarke Place

Reston VA   20191

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO  90/008775

PATENT NO.   4,935,184

ART UNIT  3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For* *Ex Parte Reexamination* | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/008,775 | 4935184 | |
| | Examiner | Art Unit | |
| | Alan Diamond | 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>30 July 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,      b)☒ PTO/SB/08,      c)☐ Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

Alan  Diamond
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )

Application/Control Number: 90/008,775                                          Page 2
Art Unit: 3991

### *Decision on Reexamination Request*

1.      A substantial new question of patentability affecting claims 1, 2, 4, and 6-10 of

United States Patent Number 4,935,184 to Sorensen, is raised by the request for *ex*

*parte* reexamination.  The request for reexamination is Third Party requested.

2.      Since requestor did not request reexamination of claims 3 and 5 and did not

assert the existence of a substantial new question of patentability (SNQ) for such claims

(see 35 U.S.C. § 302); see also 37 CFR 1.510b and 1.515), such claims will not be

reexamined.  This matter was squarely addressed in *Sony Computer Entertainment*

*America Inc., et al v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22,

2006), Slip Copy, 2006 WL 1472462.  The District Court upheld the Office's discretion to

not reexamine claims in a reexamination proceeding other than those claims for which

reexamination had specifically been requested.  The Court stated:

> "To be sure, a party may seek, and the PTO may grant, ...review of each and every
> claim of a patent. Moreover, while the PTO in its discretion may review claims for
> which ... review was not requested, nothing in the statute compels it to do so. To
> ensure that the PTO considers a claim for ... review, ...requires that the party
> seeking reexamination demonstrate why the PTO should reexamine each and every
> claim for which it seeks review. Here, it is undisputed that **Sony** did not seek review
> of every claim under the '213 and '333 patents. Accordingly, **Sony** cannot now
> claim that the PTO wrongly failed to reexamine claims for which **Sony** never
> requested review, and its argument that AIPA compels a contrary result is
> unpersuasive."

### *Extension of Time*

3.      Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that

Application/Control Number: 90/008,775                                    Page 3
Art Unit: 3991

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).


### Substantial New Question of Patentability (SNQ)

4.      The presence or absence of a "substantial new question of patentability"

determines whether or not reexamination is ordered.

For a "substantial new question of patentability" to be present, it is only

necessary that :

A) the prior art patents and/or printed publications raise a substantial new

question of patentability regarding at least one claim, i.e., the teaching of the (prior art)

patents and printed publications is such that a reasonable examiner would consider the

teaching to be important in deciding whether or not the claim is patentable; and

B) the same question of patentability as to the claim has not been decided by the

Office in a previous examination of the patent or in a final holding of invalidity by the

Federal Courts in a decision on the merits involving the claim.

A SNQ may be based solely on old art where the old art is being

presented/viewed in a new light, or in a different way, as compared with its use in the

earlier concluded examination(s), in view of a material new argument or interpretation in

the request.  (MPEP 2242).

Application/Control Number: 90/008,775                                    Page 4
Art Unit: 3991

## *Request*

5.     **The request indicates the Requestor considers that Moscicki (U.S. Patent 3,178,497) raises a substantial new question of patentability with respect to claims 1, 4, 6-8 and 10 of Sorensen.**

It is agreed that consideration of Moscicki raises a substantial new question of patentability as to claims 1, 4, 6-8 and 10 of Sorensen.  Page 28, line 14 though page 32, seventh line from the bottom; page 56 at the start of section 8 through page 58, line 5; page 83, line 13 through page 86, line 9; page 86, line 22 through page 87, line 22; page 94, lines 1-19; page 98, line 6 through page 99, line 2; and page 107, line 18 through page 108, line 11, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Moscicki that was not present in the prosecution of the application which became the Sorensen patent.  There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 4, 6-8 and 10 of Sorensen were patentable. Accordingly, Moscicki raises a substantial new question of patentability as to claims 1, 4, 6-8 and 10, which question has not been decided in a previous examination of the Sorensen patent.


6.     **The request indicates the Requestor considers that Seima (GB 2004494 A) raises a substantial new question of patentability with respect to claims 1, 2 and 6-10 of Sorensen.**

Application/Control Number: 90/008,775                               Page 5
Art Unit: 3991

It is agreed that consideration of Seima raises a substantial new question of

patentability as to claims 1, 2 and 6-10 of Sorensen.  Page 32, sixth line from the

bottom, through the end of page 36; page 60, fifth line from the bottom, through page

62, line 3; page 80, line 10 through page 83, line 12; page 88, line 13 through page 89,

line 15; page 95, line 13 through page 96, line 9; page 99, line 15 through page 100,

line 11; page 104, line 1 through page 107, line 4; and page 109, lines 1-20, of the

request for reexamination are hereby incorporated by reference for their explanation of

the teaching provided in Seima that was not present in the prosecution of the

application which became the Sorensen patent.  There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claims 1, 2 and 6-10 of Sorensen were patentable.  Accordingly, Seima raises a

substantial new question of patentability as to claims 1, 2 and 6-10, which question has

not been decided in a previous examination of the Sorensen patent.


7.      **The request indicates the Requestor considers that Gits (U.S. Patent**

**2,863,241) raises a substantial new question of patentability with respect to claim**

**1 of Sorensen.**

It is agreed that consideration of Gits raises a substantial new question of

patentability as to claim 1 of Sorensen.  Page 37, line 1 through the end of section 3 on

page 40, of the request for reexamination are hereby incorporated by reference for their

explanation of the teaching provided in Gits that was not present in the prosecution of

the application which became the Sorensen patent.  There is a substantial likelihood

Application/Control Number: 90/008,775                                    Page 6
Art Unit: 3991

that a reasonable examiner would consider this teaching important in deciding whether

or not claim 1 of Sorensen was patentable.  Accordingly, Gits raises a substantial new

question of patentability as to claim 1, which question has not been decided in a

previous examination of the Sorensen patent.


8.     **The request indicates the Requestor considers that Shiho *et al* (U.S. Patent**

**4,440,820, hereinafter "Shiho") raises a substantial new question of patentability**

**with respect to claims 1, 6-8 and 10 of Sorensen.**

It is agreed that consideration of Shiho raises a substantial new question of

patentability as to claims 1, 6-8 and 10 of Sorensen.  The beginning of section 4 on

page 40 through the end of section 4 on page 44; page 90, lines 4-20; page 96, line 23

through page 97, line  6; page 101, lines 1-11; and page 110, lines 14-23, of the request

for reexamination are hereby incorporated by reference for their explanation of the

teaching provided in Shiho that was not present in the prosecution of the application

which became the Sorensen patent.  There is a substantial likelihood that a reasonable

examiner would consider this teaching important in deciding whether or not claims 1, 6-

8 and 10 of Sorensen were patentable.  Accordingly, Shiho raises a substantial new

question of patentability as to claims 1, 6-8 and 10, which question has not been

decided in a previous examination of the Sorensen patent.

Application/Control Number: 90/008,775                                    Page 7
Art Unit: 3991

9.      **The request indicates the Requestor considers that JP 60-119520 U to**

**Toyota Motor (hereinafter "Toyota") raises a substantial new question of**

**patentability with respect to claim 1 of Sorensen.**

It is agreed that consideration of Toyota raises a substantial new question of

patentability as to claim 1 of Sorensen.  The beginning of section 5 on page 44 through

the end of section 5 on page 48; and page 70, line 1 through page 71, line 8, of the

request for reexamination are hereby incorporated by reference for their explanation of

the teaching provided in Toyota that was not present in the prosecution of the

application which became the Sorensen patent.  There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claim 1 of Sorensen was patentable.  Accordingly, Toyota raises a substantial new

question of patentability as to claim 1, which question has not been decided in a

previous examination of the Sorensen patent.


10.     **The request indicates the Requestor considers that German Published**

**Patent Application No. 1850999 to Echterholter raises a substantial new question**

**of patentability with respect to claim 1 of Sorensen.**

It is agreed that consideration of Echterholter raises a substantial new question

of patentability as to claim 1 of Sorensen.  The beginning of section 6 on page 48

through page 53, line 6; and page 73, line 10 through page 74, line 17, of the request

for reexamination are hereby incorporated by reference for their explanation of the

teaching provided in Echterholter that was not present in the prosecution of the

application which became the Sorensen patent.  There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claim 1 of Sorensen was patentable.  Accordingly, Echterholter raises a substantial new question of patentability as to claim 1, which question has not been decided in a previous examination of the Sorensen patent.


11.    **The request indicates the Requestor considers that Wright, "New vigor for two-shot molding automation... versatility... ingenuity," Modern Plastics, May 1986, pp. 79-83, (hereinafter "Modern Plastics") raises a substantial new question of patentability with respect to claims 1, 6 and 8 of Sorensen.**

It is agreed that consideration of Modern Plastics raises a substantial new question of patentability as to claims 1, 6 and 8 of Sorensen.  Page 53, line 7 through the end of section 7 on page 56; page 77, line 1 through page 78, line 8; page 92, line 9 through page 93, line 12; and page 102, line 16 through page 103, line 11, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Modern Plastics that was not present in the prosecution of the application which became the Sorensen patent.  There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 6 and 8 of Sorensen were patentable.  Accordingly, Modern Plastics raises a substantial new question of patentability as to claims 1, 6 and 8, which question has not been decided in a previous examination of the Sorensen patent.

Application/Control Number: 90/008,775                                    Page 9
Art Unit: 3991

**12.     The request indicates the Requestor considers that Moscicki in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability with respect to claims 1, 4, 6-8 and 10 of Sorensen.**

It is agreed that consideration of Moscicki in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability as to claims 1, 4, 6-8 and 10 of Sorensen.  Page 58, line 6 through the end of section 9 on page 60; page 86, lines 10-21; page 88, lines 1-12; page 95, lines 1-12; page 99, lines 3-14; and page 108, lines 12-23, of the request for reexamination are hereby incorporated by reference for their explanation of the teaching provided in Moscicki, Echterholter and Modern Plastics that was not present in the prosecution of the application which became the Sorensen patent.  There is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not claims 1, 4, 6-8 and 10 of Sorensen were patentable.  Accordingly, Moscicki in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability as to claims 1, 4, 6-8 and 10, which question has not been decided in a previous examination of the Sorensen patent.

**13.     The request indicates the Requestor considers that Seima in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability with respect to claims 1 and 6-10 of Sorensen.**

It is agreed that consideration of Seima in view of Echterholter and further in view of Modern Plastics raises a substantial new question of patentability as to claims 1 and

Application/Control Number: 90/008,775                                    Page 10
Art Unit: 3991

6-10 of Sorensen.  Page 62, line 4 through page 64, line 3; page 89, line 16 through

page 90, line 3; page 96, lines 10-22; page 100, lines 12-24; page 107, lines 5-17; and

page 110, lines 1-13, of the request for reexamination are hereby incorporated by

reference for their explanation of the teaching provided in Seima, Echterholter and

Modern Plastics that was not present in the prosecution of the application which

became the Sorensen patent.  There is a substantial likelihood that a reasonable

examiner would consider this teaching important in deciding whether or not claims 1

and 6-10 of Sorensen were patentable.  Accordingly, Seima in view of Echterholter and

further in view of Modern Plastics raises a substantial new question of patentability as to

claims 1 and 6-10, which question has not been decided in a previous examination of

the Sorensen patent.


14.    **At page 64, line 4 through page 67, line 18; page 90, line 21 through page**

**91, line 13; page 97, lines 7-16; and page 101, lines 12-22, the request indicates**

**the Requestor considers that Schad (U.S. Patent 4,422,995) raises a substantial**

**new question of patentability with respect to claims 1 and 6-8 of Sorensen.**

Schad **does not** raise a substantial new question of patentability with respect to

claims 1 and 6-8 of Sorensen.  In the prosecution of application Serial No. 07/386,012,

which matured into the Sorensen patent, Schad was used to reject all the claims (1-10)

under 35 USC 103(a).  The rejection over Schad was overcome and the Sorensen

patent was allowed after applicant amended steps (h) and (i) of claim 1 so as to recite

the injection of first/second plastic material until it reaches the portion of the first/second

mold cavity that defines the rim of the product. Third party requestor even admits at page 66, lines 16-18, of the request that "Schad does not specifically disclose a first injection material which 'reaches the portion of the mold cavity that defines the rim of the product.'" Third party requestor cites *KSR int'l Co. v. Teleflex Inc.* and design choice for the obviousness of modifying Schad so that a first injection material reaches the portion of the mold cavity that defines the rim of the product (Request, pages 66-67). Third party requestor notes that "design choice" with respect to product shape was considered by the Examiner in the rejection over Schad that was mailed 10/11/1988 during prosecution of the 07/386,012 application (see page 67 of the Request). Consideration of Shad in view of *KSR int'l Co. v. Teleflex Inc.* or "design choice" does not provide any new teaching with respect to Schad as compared with its use in the prosecution of the Sorensen patent. Accordingly, Schad is not being viewed in a new light compared with its use in the prosecution of the Sorensen patent, and thus, does not raise a substantial new question of patentability with respect to claims 1 and 6-8 of Sorensen.

15.    **The request indicates the Requestor considers that Schad in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability with respect to claims 1 and 6-8 of Sorensen.**

It is agreed that consideration of Schad in view of Moscicki and further in view of Seima and Shiho raises a substantial new question of patentability as to claims 1 and 6-8 of Sorensen. Page 67, lines 19 through the last line on page 69; page 91, line 14

Application/Control Number: 90/008,775                                    Page 12
Art Unit: 3991

through page 92, line 8; page 97, line 17 through page 98, line 5; and page 102, lines 1-

15, of the request for reexamination are hereby incorporated by reference for their

explanation of the teaching provided in Schad, Moscicki, Seima and Shiho that was not

present in the prosecution of the application which became the Sorensen patent.  There

is a substantial likelihood that a reasonable examiner would consider this teaching

important in deciding whether or not claims 1 and 6-8 of Sorensen were patentable.

Accordingly, Schad in view of Moscicki and further in view of Seima and Shiho raises a

substantial new question of patentability as to claims 1 and 6-8, which question has not

been decided in a previous examination of the Sorensen patent.


**16.    The request indicates the Requestor considers that Toyota in view of**

**Moscicki and further in view of Seima and Shiho raises a substantial new**

**question of patentability with respect to claim 1 of Sorensen.**

It is agreed that consideration of Toyota in view of Moscicki and further in view of

Seima and Shiho raises a substantial new question of patentability as to claim 1 of

Sorensen.  Page 71, line 9 through page 73, line 9, of the request for reexamination are

hereby incorporated by reference for their explanation of the teaching provided in

Toyota, Moscicki, Seima and Shiho that was not present in the prosecution of the

application which became the Sorensen patent.  There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claim 1 Sorensen was patentable.  Accordingly, Toyota in view of Moscicki and further

in view of Seima and Shiho raises a substantial new question of patentability as to claim

Application/Control Number: 90/008,775                                    Page 13
Art Unit: 3991

1, which question has not been decided in a previous examination of the Sorensen
patent.


**17.    The request indicates the Requestor considers that Echterholter in view of
Moscicki and further in view of Seima and Shiho raises a substantial new
question of patentability with respect to claim 1 of Sorensen.**

It is agreed that consideration of Echterholter in view of Moscicki and further in
view of Seima and Shiho raises a substantial new question of patentability as to claim 1
of Sorensen.  Page 74, line 18 through the last line on page 76, of the request for
reexamination are hereby incorporated by reference for their explanation of the teaching
provided in Echterholter, Moscicki, Seima and Shiho that was not present in the
prosecution of the application which became the Sorensen patent.  There is a
substantial likelihood that a reasonable examiner would consider this teaching important
in deciding whether or not claim 1 Sorensen was patentable.  Accordingly, Echterholter
in view of Moscicki and further in view of Seima and Shiho raises a substantial new
question of patentability as to claim 1, which question has not been decided in a
previous examination of the Sorensen patent.


**18.    The request indicates the Requestor considers that Modern Plastics in view
of Moscicki and further in view of Seima and Shiho raises a substantial new
question of patentability with respect to claims 1, 6 and 8 of Sorensen.**

Application/Control Number: 90/008,775                                        Page 14
Art Unit: 3991

It is agreed that consideration of Modern Plastics in view of Moscicki and further

in view of Seima and Shiho raises a substantial new question of patentability as to

claims 1, 6 and 8 of Sorensen. Page 78, line 9 through page 80, line 9; page 93, lines

13-25; and page 103, lines 12-24, of the request for reexamination are hereby

incorporated by reference for their explanation of the teaching provided in Modern

Plastics, Moscicki, Seima and Shiho that was not present in the prosecution of the

application which became the Sorensen patent. There is a substantial likelihood that a

reasonable examiner would consider this teaching important in deciding whether or not

claims 1, 6 and 8 of Sorensen were patentable. Accordingly, Modern Plastics in view of

Moscicki and further in view of Seima and Shiho raises a substantial new question of

patentability as to claims 1, 6 and 8, which question has not been decided in a previous

examination of the Sorensen patent.


### *Duty to Disclose*

19.    The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving Patent No. 4,935,184 throughout the course of this reexamination

proceeding. The third party requestor is also reminded of the ability to similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding. See MPEP §§ 2207, 2282 and 2286.

Application/Control Number: 90/008,775                                    Page 15
Art Unit: 3991

### *Correspondence*

14.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Alan Diamond whose telephone number is (571) 272-

1338.  The examiner can normally be reached on Monday through Friday from 5:30

a.m. to 2:00 p.m.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Deborah Jones can be reached on (571) 272-1535.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

### *Notice Re Patent Owner's Correspondence Address*

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte*
reexamination or an *inter partes* reexamination is designated as the correspondence
address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte
> and Inter Partes Reexamination,* 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not
having the same correspondence address as that of the patent is, by way of this**

Application/Control Number: 90/008,775                                    Page 16
Art Unit: 3991

**revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of
the effective date.**

This change is effective for any reexamination proceeding which is pending before the
Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any
reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct
communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for
the present proceeding is different from the correspondence address of the patent, it is
strongly encouraged that the patent owner affirmatively file a Notification of Change of
Correspondence Address in the reexamination proceeding and/or the patent (depending
on which address patent owner desires), to conform the address of the proceeding with
that of the patent and to clarify the record as to which address should be used for
correspondence.

Telephone Numbers for reexamination inquiries:

Reexamination and Amendment Practice          (571) 272-7703
Central Reexam Unit (CRU)                     (571) 272-7705
Reexamination Facsimile Transmission No.      (571) 273-9900

Please mail any communications to:
        Attn: Mail Stop "Ex Parte Reexam"
        Central Reexamination Unit
        Commissioner for Patents
        P. O. Box 1450
        Alexandria VA   22313-1450

Please FAX any communications to:
        (571) 273-9900
        Central Reexamination Unit

Application/Control Number: 90/008,775                                    Page 17
Art Unit: 3991

Please hand-deliver any communications to:
    Customer Service Window
    Attn:  Central Reexamination Unit
    Randolph Building, Lobby Level
    401 Dulany Street
    Alexandria, VA  22314

Signed:

Alan Diamond
Primary Examiner
Central Reexamination Unit
Art Unit 3991
(571) 272-1338

/Jerry D. Johnson/
Primary Examiner
Art Unit 3991

STEPHEN J. STEIN
CRU EXAMINER - AU 3991

PTO/SB/08a (05-07)
Approved for use through 09/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 90/008,775 |
| | Filing Date | |
| | First Named Inventor | |
| | Art Unit | 3991 |
| | Examiner Name | Diamond |
| | Attorney Docket Number | REQUEST FOR REEXAMINATION |

## U.S.PATENTS

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| /AD/ | 1 | 2863241 | | 1958-12-09 | Gits | all |
| /AD/ | 2 | 3178497 | | 1965-04-13 | Moscicki | all |
| /AD/ | 3 | 4422995 | | 1983-12-27 | Schad | all |
| /AD/ | 4 | 4440820 | | 1984-04-03 | Shiho | all |

If you wish to add additional U.S. Patent citation information please click the Add button.

## U.S.PATENT APPLICATION PUBLICATIONS

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

## FOREIGN PATENT DOCUMENTS

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T5 |
|---|---|---|---|---|---|---|---|---|

/Alan Diamond/                    10/05/2007

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | | | Application Number | | 90/008,775 |
|---|---|---|---|---|---|
| | | | Filing Date | | |
| | | | First Named Inventor | | |
| | | | Art Unit | | 3991 |
| | | | Examiner Name | | Diamond |
| | | | Attorney Docket  Number | | REQUEST FOR REEXAMINATION |

| /AD/ | 1 | 1 850 999 | DE | | 1962-05-03 | Echterholter | all | ☑ |
|---|---|---|---|---|---|---|---|---|
| /AD/ | 2 | 2 004 494 | GB | | 1979-04-04 | SEIMA | all | ☑ |
| /AD/ | 3 | 60-119520 U | JP | | 1985-08-13 | Toyota Motor | all | ☑ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

**NON-PATENT LITERATURE DOCUMENTS**

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
|---|---|---|---|
| /AD/ | 1 | VAL WRIGHT, New Vigor For Two-Shot Molding With Automation . . . Versatility . . . Ingenuity, Modern Plastics, May 1968, pages  79-83, published in US | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

**EXAMINER SIGNATURE**

| Examiner Signature | /Alan Diamond/ | | Date Considered | 10/05/2007 |
|---|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

¹ See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  ² Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  ³ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁴ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  ⁵ Applicant is to place a check mark here if English language translation is attached.

EFS Web 2.0.1

Exhibit 3

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,976 | 12/21/2007 | 4935184 | 065640-0260 | 6753 |

22653        7590        02/21/2008

EDWARD W CALLAN
NO. 705 PMB 452
3830 VALLEY CENTRE DRIVE
SAN DIEGO, CA  92130

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 02/21/2008

Please find below and/or attached an Office communication concerning this application or proceeding.

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Pavan Agarwal

Foley & Lardner LLP

3000 K Street, NW, Suite 500

Washington, DC 20007

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,976*.

PATENT NO. *4935184*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/008,976 | 4935184 | |
| | Examiner | Art Unit | |
| | Krisanne Jastrzab | 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>21 December 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO/SB/08,    c)☐ Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

/Krisanne Jastrzab/
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )

PTO/SB/08 (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

12/21/07

PTO
00000970
12/21/07

| Substitute for form 1449/PTO **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** Date Submitted: December 21, 2007 | *Complete if Known* | |
|---|---|---|
| | Reexamination Control Number | Unassigned |
| | Patent Number | 4,935,184 |
| | First Named Inventor | Jens O. Sorensen |
| Sheet    1    of    2 | Attorney Docket Number | 065640-0260 |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| /K.J./ | A1 | 4,935,184 | 06/19/1990 | SORENSEN | |
| ↓ | A2 | 4,422,995 | 12/27/1983 | SCHAD | |
| | A3 | 4,508,676 | 04/02/1985 | SORENSEN | |
| /K.J./ | A4 | 3,375,554 | 04/02/1968 | BLUMER | |

## UNPUBLISHED U.S. PATENT APPLICATION DOCUMENTS

| Examiner Initials* | Cite No.[1] | U.S. Patent Application Document Serial Number-Kind Code[2] (if known) | Filing Date of Cited Document MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Documents | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| /K.J./ | A5 | JP 59-199227 | 11/12/1984 | IDEMITSU SEKIYU KAGAKU KK | | Tr. |
| | A6 | JP 60-154022 | 08/13/1985 | FUJITSU, LTD. | | Tr. |
| | A7 | JP 58-82401 | 05/18/1983 | NISSAN MOTOR CO., LTD. | | Tr. |
| /K.J./ | A8 | JP S52-51449 | 04/25/1977 | KABUSHIKI KAISHA YOSHINO KOGYOSHO | | Tr. |

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
|---|---|---|---|
| | A9 | ~~SUMITOMO HEAVY INDUSTRIES, LTD.; Promat 100-100/100 Sumitomo Netstal Dual Material Injection Molding Machine~~ | Tr. |

| Examiner Signature | /Krisanne Jastrzab/ | Date Considered | 02/20/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

PTO/SB/08 (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** Date Submitted: December 21, 2007 | | | | Reexamination Control Number | Unassigned |
| | | | | **Patent Number** | 4,935,184 |
| | | | | **First Named Inventor** | Jens O. Sorensen |
| Sheet | 2 | of | 2 | Attorney Docket Number | 065640-0260 |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
| /K.J./ | A10 | WRIGHT, "New Vigor for Two-Shot Molding with Automation," *Modern Plastics*, Vol. 45, No. 9, May 1968, pp. 78 – 83. | |
| | A11 | Plaintiff's Amended Preliminary Claim Constructions and Extrinsic Evidence , SORENSEN v. THE BLACK & DECKER CORPORATION ET AL., U.S. District Court for the Southern District of California, Case No. 06-cv-1572 BTM (CAB). | |
| | A12 | SORENSEN v. INTERNATIONAL TRADE COM'N., 427 F.3d 1375 (Fed. Cir. 2005) | |
| | A13 | Deposition of Paul P. Brown, December 19, 2006, SORENSEN v. THE BLACK & DECKER CORPORATION ET AL., U.S. District Court for the Southern District of California, Case No. 06-cv-1572 BTM (CAB). | |
| /K.J./ | A14 | Plaintiffs' Local Civil Rule 56.1 Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment of Invalidity Based on Prior Art, U.S. District Court for the District of New Jersey Newark Vicinage, CIV. No. 03-1763(HAA). | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | /Krisanne Jastrzab/ | Date Considered | 02/20/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

WASH_2164550.1

Application/Control Number:                                          Page 2
90/008,976
Art Unit: 3991

### *Reexamination*

### Decision on Reexamination Request

A substantial new question of patentability affecting claims 1, 2, 4 and 6-10 of

United States Patent Number 4,935,184 (hereinafter referred to as "the '184 patent) is

raised by the request for *ex parte* reexamination. The request was filed by a Third Party

on 12/21/2007.

Since requestor did not request reexamination of claims 3 and 5 and did not

assert the existence of a substantial new question of patentability (SNQ) for such claims

(see 35 U.S.C. § 302); see also 37 CFR 1.510b and 1.515), such claims will not be

reexamined. This matter was squarely addressed in *Sony Computer Entertainment*

*America Inc., et al v. Jon W. Dudas,* Civil Action No. 1:05CV1447 (E.D.Va. May 22,

2006), Slip Copy, 2006 WL 1472462. The District Court upheld the Office's discretion to

not reexamine claims in a reexamination proceeding other than those claims for which

reexamination had specifically been requested. The Court stated:

"To be sure, a party may seek, and the PTO may grant .... review of each and every
claim of a patent. Moreover, while the PTO in its discretion may review claims for
which ... review was not requested, nothing in the statute compels it to do so. To
ensure that the PTO considers a claim for ... review, ...requires that the party
seeking reexamination demonstrate why the PTO should reexamine each and every
claim for which it seeks review. Here, it is undisputed that Sony did not seek review
of every claim under the '213 and '333 patents. Accordingly, Sony cannot now
claim that the PTO wrongly failed to reexamine claims for which Sony never
requested review, and its argument that AIPA compels a contrary result is
unpersuasive."

### Extensions of Time

Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that

Application/Control Number:                                    Page 3
90/008,976
Art Unit: 3991

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).

### Substantial New Question of Patentability (SNQ)

The substantial new question of patentability (SNQ) is based on:

JP S59-199227 (hereinafter referred to as "JP '227")

JP 60-154022 (hereinafter referred to as "JP '022")

JP 58-82401 (hereinafter referred to as "JP '401")

JP S52-51449 (hereinafter referred to as "JP '449")

Schad, U.S. patent No. 4,422,995 (hereinafter referred to as "Schad")

Blumer U.S. patent No. 3,375,554 (hereinafter referred to as "Blumer")

Sorensen U.S. patent No. 4,508,676 (hereinafter referred to as "Sorensen")

Promot 100-100/100 (hereinafter referred to as "Promot 100")

Modern Plastics, "New Vigor for Two-Shot Molding with

Automation...Versatility...Ingenuity" (hereinafter referred to as "Modern Plastics")


A discussion of the specifics follows:


### Request

Application/Control Number:                                   Page 4
90/008,976
Art Unit: 3991

**The request indicates that the Requestor considers JP '227 as raising a**

**substantial new question of patentability for claims 1, 6-8 and 10 of the '184**

**patent.**

It is agreed that the consideration of JP '227 raises an SNQ as to claims 1, 6-8

and 10 of the '184 patent. The last paragraph of page 31 through page 42 of the

request is hereby incorporated by reference for the explanation of the teachings

provided in JP '227 regarding a method of two-shot injection molding of a part utilizing a

common mold core. These teachings were not present in the prosecution of the

application which became the '184 patent. Further, there is a substantial likelihood that

a reasonable examiner would consider these teachings important in deciding whether or

not these claims are patentable. Accordingly, JP '227 raises a substantial new question

of patentability as to claims 1, 6-8 and 10, which question has not been decided in a

previous examination of the '184 patent.


**The request indicates that the Requestor considers JP '022 as raising a**

**substantial new question of patentability for claims 1 and 10 of the '184 patent.**

It is agreed that the consideration of JP '022 raises an SNQ as to claims 1 and

10 of the '184 patent. Page 43 through the top of page 47 of the request is hereby

incorporated by reference for the explanation of the teachings provided in JP '022

regarding a method of two-shot injection molding of a part utilizing a common mold

core. These teachings were not present in the prosecution of the application which

became the '184 patent. Further, there is a substantial likelihood that a reasonable

Application/Control Number:                                                    Page 5
90/008,976
Art Unit: 3991

examiner would consider these teachings important in deciding whether or not these

claims are patentable. Accordingly, JP '022 raises a substantial new question of

patentability as to claims 1 and 10, which question has not been decided in a previous

examination of the '184 patent.


**The request indicates that the Requestor considers JP '401 as raising a**

**substantial new question of patentability for claims 1 and 10 of the '184 patent.**

It is agreed that the consideration of JP '401 raises an SNQ as to claims 1 and

10 of the '184 patent. The bottom of page 47 through the top of page 52 of the request

is hereby incorporated by reference for the explanation of the teachings provided in JP

'401 regarding a method of two-shot injection molding of a part utilizing a common mold

core. These teachings were not present in the prosecution of the application which

became the '184 patent. Further, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not these

claims are patentable. Accordingly, JP '401 raises a substantial new question of

patentability as to claims 1 and 10, which question has not been decided in previous

examination of the '184 patent.


**The request indicates that the Requestor considers the combination of JP**

**'449 and the Admitted State of the Prior Art as raising a substantial new question**

**of patentability for claims 1 and 6-9 of the '184 patent.**

Application/Control Number:                                    Page 6
90/008,976
Art Unit: 3991

It is agreed that the combination of JP '449 and the Admitted State of the Prior

Art raises an SNQ as to claims 1 and 6-9 of the '184 patent. The bottom of page 6

through the top of page 9, page 22 beginning at "E." through the top of page 27 and

page 54 through the top of page 60 of the request is hereby incorporated by reference

for the explanation of the Admitted State of the Prior Art and the teachings in JP '449

regarding a method of molding a two-component part. These combined teachings were

not present in the prosecution of the application which became the '184 patent. Further,

there is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not these claims are patentable.

Accordingly, the combination of JP '449 and the Admitted State of the Prior Art, raise a

substantial new question of patentability as to claims 1 and 6-9, which question has not

been decided in previous examination of the '184 patent.


**The request indicates that the Requestor considers the combination of JP**

**'449, the Admitted State of the Prior Art and Schad as raising a substantial new**

**question of patentability for claim 10 of the '184 patent.**

It is agreed that the combination of JP '449, the Admitted State of the Prior Art

and Schad raises an SNQ as to claim 10 of the '184 patent. Page 60 of the request is

hereby incorporated by reference for the explanation of the teachings of Schad

regarding the separation of mold components in a two-shot molding process as

applicable to the combination of the JP '449 and the Admitted State of the Prior Art.

These combined teachings were not present in the prosecution of the application which

Application/Control Number:                                    Page 7
90/008,976
Art Unit: 3991

became the '184 patent. Further, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not this claim

is patentable. Accordingly, the combination of JP '449, the Admitted State of the Prior

Art and Schad, raises a substantial new question of patentability as to claim 10, which

question has not been decided in previous examination of the '184 patent.


**The request indicates that the Requestor considers the combination of JP**

**'449 and Modern Plastics as raising a substantial new question of patentability for**

**claim 1 of the '184 patent.**

It is agreed that the combination of JP '449 and Modern Plastics raises an SNQ

as to claim 1 of the '184 patent. Pages 60-64 of the request are hereby incorporated by

reference for the explanation of the combination of the teachings of JP '449 and Modern

Plastic regarding a two-shot molding process. These combined teachings were not

present in the prosecution of the application which became the '184 patent. Further,

there is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not this claim is patentable. Accordingly, the

combination of JP '449 and Modern Plastics raises a substantial new question of

patentability as to claim 1, which question has not been decided in previous

examination of the '184 patent.

Application/Control Number:                                      Page 8
90/008,976
Art Unit: 3991

   **The request indicates that the Requestor considers the combination of JP**

**'227 and Modern Plastics as raising a substantial new question of patentability for**

**claims 1, 2, 4, and 6-10 of the '184 patent.**

   It is agreed that the combination of JP '227 and Modern Plastics raises an SNQ

as to claims 1, 2, 4 and 6-10 of the '184 patent.  Page 65 through the top of page 68 of

the request is hereby incorporated by reference for the explanation of the combination

of teachings of JP '227 and Modern Plastics regarding a two-shot molding process.

These combined teachings were not present in the prosecution of the application which

became the '184 patent.  Further, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not these

claims are patentable.  Accordingly, the combination of JP '227 and Modern Plastics

raises a substantial new question of patentability as to claims 1, 2, 4 and 6-10, which

question has not been decided in previous examination of the '184 patent.


   **The request indicates that the Requestor considers the combination of**

**either JP '022 or JP '401 and Promot 100 as raising a substantial new question of**

**patentability for claims 6-8 of the '184 patent.**

   It is agreed that the combination of JP '022 or JP '401 in view of Promot 100

raises an SNQ as to claims 6-8 of the '184 patent.  The bottom of page 67 through the

top of page 72 is hereby incorporated by reference for the explanation of the

combination of teachings of JP '022 or JP '401 with Promot 100 regarding a two-shot

molding process.  While no date has been supplied for Promot 100, it is noted that

Application/Control Number:                                    Page 9
90/008,976
Art Unit: 3991

during prosecution of the application which became the '184 patent, an IDS was

submitted (6/16/1988) citing Promot 100 and noting that Figures 1 through 4 of Promot

11 illustrate the prior art described in the Background portion of the specification of the

application which became the '184 patent. These combined teachings were not present

in the prosecution of the application which became the '184 patent. Further, there is a

substantial likelihood that a reasonable examiner would consider these teaching

important in deciding whether or not these claims are patentable. Accordingly, the

combination of JP '022 or JP '401 and Promot 100, raises a substantial new question of

patentability as to claims 6-8, which question has not been decided in previous

examination of the '184 patent.


**The request indicates that the Requestor considers the combination of**

**either JP '227, JP '022 or JP '401 with either Blummer or Soreneson as raising a**

**substantial new question of patentability for claim 9 of the '184 patent.**

It is agreed that the combination of either JP '227, JP '022 or JP '401 in view of

either Bummer or Sorensen raises an SNQ as to claim 9 of the '184 patent. The bottom

of page 72 through page 74 of the request is hereby incorporated by reference for the

explanation of the combination of the teachings of any of JP '227, JP '022 or JP '401

and either Blummer or Sorensen regarding the securing of two mold components in a

two-shot molding process. These combined teachings were not present in the

prosecution of the application which became the '184 patent. Further, there is a

substantial likelihood that a reasonable examiner would consider these teachings

Application/Control Number: ·                                    Page 10
90/008,976
Art Unit: 3991

important in deciding whether or not this claim is patentable. Accordingly, the

combination of any of JP '227, JP '022 or JP '401 with either Blummer or Sorensen

raises a substantial new question of patentability as to claim 9, which question has not

been decided in previous examination of the '184 patent.

### *Duty of Disclosure*

The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving Patent No. 4,935,184 throughout the course of this reexamination

proceeding. The third party requester is also reminded of the ability to similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding. See MPEP §§ 2207, 2282 and 2286.

### *Service of Papers*

After the filing of a request for reexamination by a third party requester, any

document filed by either the patent owner or the third party requester must be served on

the other party (or parties where two or more third party requester proceedings are

merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See

37 CFR 1.550(f).

### *Waiver of Right to File Patent Owner Statement*

In a reexamination proceeding, Patent Owner may waive the right under 37

C.F.R. 1.530 to file a Patent Owner Statement. The document needs to contain a

Application/Control Number:                                    Page 11
90/008,976
Art Unit: 3991

statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent

Owner Statement and proof of service in the manner provided by 37 C.F.R. 1.248, if the

request for reexamination was made by a third party requester, see 37 C.F.R 1.550(f).


## Correspondence

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Krisanne Jastrzab whose telephone number is 571-272-

1279. The examiner can normally be reached on Mon.-Thurs. 6:00am-4:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Deborah Jones can be reached on 571-272-1535

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Application/Control Number:                                    Page 12
90/008,976
Art Unit: 3991

**Notice Re Patent Owner's Correspondence Address**

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.
Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

Reexamination and Amendment Practice          (571) 272-7703
Central Reexam Unit (CRU)                     (571) 272-7705
Reexamination Facsimile Transmission No.      (571) 273-9900


Please mail any communications to:

        Mail Stop *Ex Parte* Reexam
        ATTN:  Central Reexamination Unit
        Commissioner for Patents
        P.O. Box 1450

Application/Control Number:                                Page 13
90/008,976
Art Unit: 3991

        Alexandria, VA  22313-1450


Please FAX to:
        (571) 273-9900
        Central Reexamination Unit



Please hand-deliver to:
        Customer Service Window
        Randolph Building
        401 Dulany St.
        Alexandria, VA  22314


/Krisanne Jastrzab/                                        /Alan Diamond/
Primary Examiner                                           Primary Examiner
Central Reexamination Unit                                 Art Unit 3991
Art unit 3991                   JERRY D. JOHNSON
(571) 272-1279                  PRIMARY EXAMINER
                                CRU - AU 3991

Exhibit 4

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  JENS ERIK SORENSEN, as Trustee of<br>SORENSEN RESEARCH AND<br>12  DEVELOPMENT TRUST, | CASE NO. 06cv1572 BTM (CAB)<br><br>**ORDER:** |
| 13                              Plaintiff, | **(1) DENYING PLAINTIFF'S MOTION<br>FOR RECONSIDERATION OF<br>14  DENIAL OF OBJECTIONS TO<br>MAGISTRATE JUDGE'S ORDER OF<br>15  APRIL 9, 2007 AS MOOT [Doc.<br>#163];** |
| 14 | |
| 15 | |
| 16  vs. | |
| 17 | **(2) GRANTING DEFENDANTS'<br>MOTION FOR RECONSIDERATION<br>OF THE COURT'S JUNE 20, 2007<br>18  ORDER RE BIFURCATION [Doc.<br>#171];** |
| 18 | |
| 19 | |
| 20  THE BLACK AND DECKER<br>CORPORATION, et al. | **(3) GRANTING IN PART AND<br>DENYING IN PART DEFENDANTS'<br>MOTION TO STAY [Doc. #178];** |
| 21 | |
| 22                              Defendants. | **and** |
| 23 | **(4) DENYING PLAINTIFF'S MOTION<br>FOR PARTIAL SUMMARY<br>JUDGMENT AS PREMATURE [Doc.<br>24  #204]** |
| 24 | |

25  **I.      Motion for Reconsideration of Denial of Objections to Magistrate Judge's Order**

26           On April 9, 2007, Magistrate Judge Bencivengo issued an order in which she granted

27  in part and denied in part Plaintiff's motion to compel further responses to discovery.  In

28  accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), Plaintiff filed an

objection to that ruling, arguing that it was both clearly erroneous and contrary to law.  In an order entered June 14, 2007, the Court overruled Plaintiff's objection without prejudice.  The Court found that the Magistrate Judge's determinations regarding the Black & Decker Defendants' waiver of the attorney-client privilege, and the applicability of Patent Local Rule 2.5(d), were neither clearly erroneous nor contrary to law, on the record before the Court.  However, the Court was unable to determine at that time whether, and to what extent, the Black & Decker Defendants ("B&D") intended to rely upon the death of Dennis Dearing to provide the requisite showing of prejudice in support of any laches and/or equitable estoppel defenses.  Therefore, Plaintiff was granted leave to serve an interrogatory upon B&D, which stated: "Set forth, in detail, all prejudice to Defendants that resulted from the death of Dennis Dearing in regard to this case."  To the extent Plaintiff believed that B&D's response to the interrogatory indicated that this Court's determination regarding waiver of the attorney-client privilege was in error, it was invited to move for reconsideration of the decision at that time.

On July 11, 2007, B&D responded to Plaintiff's interrogatory setting forth the prejudice that resulted from the death of its former in-house counsel Dennis Dearing.  The prejudice identified included the inability to have Mr. Dearing testify regarding his communications in the mid-1990s pertaining to Mr. Jens Ole Sorensen's claims of infringement of the '184 Patent.  These communications included discussions directly with Mr. Sorensen and his representatives, as well as with John Schiech, Black & Decker's business manager responsible for making all decisions concerning the matter.  B&D also indicated that it was prejudiced because it could not present Mr. Dearing as a witness to defend against Plaintiff's charge of willful infringement.

On July 12, 2007, Plaintiff filed the present motion to reconsider this Court's previous ruling on the basis of the new evidence presented in B&D's interrogatory response.  The motion was calendared for hearing, without oral argument, on August 10, 2007.  However, while the motion was pending, Magistrate Judge Bencivengo reconsidered her earlier ruling in light of B&D's interrogatory response.  On August 3, 2007, Judge Bencivengo issued her "Order Following Discovery Conference on July 26, 2007" in which she ruled:

06cv1572

> Since the defendant is affirmatively relying upon the death of Mr. Dearing to support its defense of laches, the plaintiff is entitled to review Mr. Dearing's files that still exist and reflect his personal thoughts and impressions, so plaintiff may respond to defendant's claim of lost evidence. Defendant was therefore ordered to produce any withheld documents reflecting Mr. Dearing's work product on this matter.

[Doc. #177 at ¶ 8.] Judge Bencivengo stayed production of Mr. Dearing's work product for 30 days in order to give B&D an opportunity to appeal the order. B&D has just taken that opportunity and filed a motion for reconsideration on September 4, 2007 [Doc. #240]. B&D's motion is calendared for hearing by this Court on November 2, 2007.

In light of Judge Bencivengo's more recent order requiring production of Mr. Dearing's privileged documents, and the now-pending motion for reconsideration of that order, the Court finds moot Plaintiff's motion for reconsideration of its previous order overruling Plaintiff's objection to Judge Bencivengo's April 9, 2007 order. The Court finds that this entire issue will be addressed, upon a complete and updated record that includes Judge Bencivengo's August 3, 2007 order, in the Court's forthcoming decision on B&D's pending motion for reconsideration. Accordingly, Plaintiff's motion is **DENIED** without prejudice as moot.

## II. Motion for Reconsideration of Bifurcation

On June 13, 2007, the Court held a hearing on B&D's motion for summary judgment of laches. The Court denied B&D's motion at that hearing and discussion then ensued over the possibility of setting an expedited bench trial on B&D's equitable defenses of laches and estoppel. At B&D's urging, the Court and the parties agreed to schedule this bench trial beginning on December 17, 2007. In a June 20, 2007 written order confirming the Court's decision from the June 13 hearing, the Court explained that the trial of equitable defenses could be bifurcated from the rest of the trial proceedings relating to infringement. [Doc. #147 at 2-3.] Citing the Ninth Circuit case of Danjaq LLC v. Sony Corp., 263 F.3d 942 (9th Cir. 2001), the Court explained that, in deciding these equitable defenses, it would need to determine whether there has been any showing of willful infringement on the part of

06cv1572

1  Defendants that would act as a "counterdefense" to laches.  The Court invited any party to

2  make a motion for reconsideration of the decision to bifurcate the equitable portion of the trial

3  if they felt that the Court's determination of the willfulness issue presented a problem for any

4  subsequent jury trial proceedings.

5        On July 20, 2007, B&D accepted the Court's invitation and filed a motion for

6  reconsideration of bifurcation.  [Doc. #171.]  B&D explained that it had not appreciated that

7  the Court itself would need to make a finding on willfulness, without the aid of a jury, in any

8  bifurcated trial on equitable defenses.  In light of this realization, and its desire to retain its

9  full rights to a jury determination on willfulness, B&D withdrew its request for an expedited

10  bench trial on its equitable defenses.

11        Plaintiff has opposed B&D's motion for reconsideration arguing that there is no

12  authority establishing any right to a jury trial on willfulness and, to the extent such a right

13  exists, B&D has waived its rights by continually requesting that the Court schedule a short

14  bench trial on laches before proceeding with the rest of the action.

15        The Court finds that the right to a jury trial on willfulness exists in a patent action that

16  will be tried to a jury.  See, e.g., Richardson v. Suzuki Motor Co., 886 F.2d 1226, 1250 (Fed.

17  Cir. 1989).  Having considered the submissions of the parties and the record of these

18  proceedings, the Court does not find that B&D has knowingly waived its right to a jury trial

19  on willfulness.  Moreover, the early bifurcated trial on equitable defenses was scheduled by

20  this Court in an effort to accommodate B&D's request for an early determination of laches,

21  which it argued, if found, would greatly expedite the conclusion of this matter.  Having

22  recognized that a laches determination requires that this Court determine, before any jury

23  has considered the question, whether Defendants willfully infringed Plaintiff's patent, B&D

24  has withdrawn its request.  The Court sees no reason to push ahead with a bifurcated trial

25  despite B&D's express wishes.

26        The Court's recognition of the practical ramifications of the intertwinement of

27  willfulness in any laches determination was the impetus for the Court's invitation to

28  reconsider in its June 20, 2007 order.  Having considered B&D's submission, which was

4

based upon the exact issues identified in this Court's own order, the Court hereby **GRANTS**

B&D's motion.  The bifurcated bench trial on equitable defenses previously scheduled for

December 17, 2007 is hereby **VACATED**, along with all pretrial proceedings associated with

it, including the November 26, 2007 pretrial conference.

### III.    Motion to Stay Litigation Pending Reexamination

On August 3, 2007, all Defendants jointly filed a motion for a stay of these proceedings.  Defendants' motion is based on B&D's pending request for reexamination of Plaintiff's '184 Patent, which was filed with the U.S. Patent and Trademark Office ("PTO") on July 30, 2007.  The request for reexamination challenges, *inter alia*, all 5 claims of the '184 Patent that are asserted in the present litigation.  The challenge is based on a number of prior art references, almost all of which were apparently not considered by the PTO in the prosecution of the '184 Patent.

Courts have inherent power to stay an action pending conclusion of PTO reexamination proceedings. Ethicon, Inc. v. Quigg, 849 F.2d 1422,1426-27 (Fed. Cir. 1988). The decision whether to grant or deny a motion to stay proceedings pending PTO reexamination rests within the sound discretion of the court. See, e.g., Photoflex Products, Inc. v. Circa 3 LLC, No. C 04-03715 JSW, 2006 U.S. Dist. LEXIS 37743, at *2-3 (N.D. Cal. May 24, 2006).  There is a "liberal policy" in favor of granting motions to stay pending the outcome of PTO reexamination proceedings. ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) the stage of litigation, i.e., whether  discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and trial of the case. See, e.g., Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

The Court finds that this litigation has not proceeded so far that it would be unjust to

stay the action. Although this action was originally filed about a year ago, and the Court

recognizes that substantial amounts of discovery have already occurred, the more relevant

inquiry is whether discovery is nearing completion – it is not.[1] For instance, Magistrate Judge

Bencivengo recently granted the parties permission to take an additional 10 depositions per

side. [See Doc. #159 at 2.] No deadline for the completion of fact discovery has even been

set. Moreover, the parties are just beginning to brief the preliminary issue of claim

construction and, in accordance with the decision above to vacate the bifurcated bench trial

on equitable defenses, no trial date is currently set for any aspect of this case. In addition,

while the Court has already considered two motions for summary judgment, it previously put

off consideration of two others until after claim construction, and Plaintiff has just filed a

substantial summary judgment motion aimed at piercing Black & Decker's corporate veil.

The Court anticipates that further summary judgment motions regarding infringement and

patent validity will be filed once claim construction is complete. Thus, a substantial amount

of resources will be employed by all parties and the Court even in advance of any eventual

trial. See, e.g., Broadcast Innovation, L.L.C. v. Charter Communications, Inc., No. 03-cv-

2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 46623, at *26-31 (D. Colo. July 11, 2006) (granting

stay, in part, because of significant work remaining on motions for summary judgement, even

though trial date was less than three months away).

Plaintiff claims Defendants delayed filing their request for reexamination to gain a

tactical advantage over it. He claims that Defendants were aware of the prior art that they

reference in their reexamination request over seven months ago, but purposely delayed so

that the '184 Patent would expire during the reexamination process, thereby precluding

Plaintiff from offering any amendments to the claims. Defendants respond that there was no

intentional delay and that their decision to request reexamination was based, in part, on the

Supreme Court decision in KSR International Co. v. Teleflex Inc., 127 S. Ct. 1727 (2007),

which was only issued at the end of April. The Court is not convinced that Defendants

---

[1] In reaching this determination, the Court has considered the surreply submitted by Plaintiff and, therefore, the pending ex parte request to file a surreply [Doc. #201] is **GRANTED**.

6

1   employed any improper tactics in filing their request for reexamination.  While Plaintiff is

2   rightfully concerned that a reexamination in the twilight of his patent puts him at a distinct

3   disadvantage, he could have prevented this situation by filing suit many years ago, thereby

4   allowing sufficient time for any reexamination to occur before the patent expired.

5           Therefore, Plaintiff's cognizable claims of prejudice if a stay should be entered

6   basically boil down to his inconvenience in delaying final collection of any monetary award

7   of royalties, assuming he ultimately wins.  However, as the court recognized in Broadcast,

8   the prejudice factor "is best summarized by one question: *do the Plaintiffs have an adequate*

9   *remedy at law?*"  2006 U.S. Dist. LEXIS 46623, at *32.  Just as in Broadcast, the answer

10  here is that clearly Plaintiff does have an adequate remedy.  Defendants point out, and

11  Plaintiff has not disputed, that the '184 Patent will expire in February 2008 independent of

12  reexamination.  Given that a trial on the merits could not occur prior to that date, Plaintiff

13  would not have been granted any injunctive relief by this Court.  Therefore, his claim would

14  be restricted to past monetary damages, which, with the addition of prejudgment interest, are

15  fully capable of compensating Plaintiff.  Unfortunately, reexamination can be a drawn out

16  process, resulting in a significant delay in court proceedings.  Protracted delay is always a

17  risk inherent in granting a stay, yet courts continue to stay actions pending reexamination.

18  The general prejudice of having to wait for resolution is not a persuasive reason to deny the

19  motion for stay.  An average delay for reexamination of approximately 18-23 months is

20  especially inconsequential where Plaintiff himself waited as many as twelve years before

21  bringing the present litigation.  (See PTO Reexamination Statistics at Ex. B to Niro Decl.;

22  Doc. #180-3.)

23          In addition, the Federal Circuit has recently confirmed that the PTO would not be

24  bound in its reexamination by the determinations of this Court.  In re Trans Texas Holdings

25  Corp., 2006-1599 and 2006-1600, 2007 U.S. App. LEXIS 19909, at *14-19 (Fed. Cir. Aug.

26  22, 2007).  Because of this, the Court finds that not only is Plaintiff unlikely to be prejudiced

27  in these proceedings by a stay pending the PTO reexamination, but Defendants would

28  potentially be prejudiced by *failing* to enter a stay.  One court has explained this possibility

7

1    accordingly:

2
3              Not only could the Court and the PTO reach conflicting determinations, but
               one possible scenario could result in irreparable harm to [Defendant]: if this
               Court finds that the [patent] is not invalid and that [Defendant] has infringed
4              it, and orders [Defendant] to pay damages to [Plaintiff] for such infringement,
               then [Defendant] would have no ability to recover those damages if at a later
5              date the PTO determined that the [] patent is invalid.

6    Bausch & Lomb, Inc. v. Alcon Lab., Inc., 914 F. Supp. 951, 952 (W.D.N.Y. 1996). The Court

7    finds such a possibility to be, at a minimum, a highly undesirable outcome.

8           Finally, the Court finds that the stay will result in the simplification of issues in this

9    case. As explained by the Federal Circuit, "[o]ne purpose of the reexamination procedure

10   is to eliminate trial of [the issue of patent claim validity] (when the claim is canceled) or to

11   facilitate trial of that issue by providing the district court with the expert view of the PTO

12   (when a claim survives the reexamination proceeding)." Gould v. Control Laser Corp., 705

13   F.2d 1340, 1342 (Fed. Cir. 1983), cert. denied, 464 U.S. 935 (1983). The Broadcast court,

14   elaborating on this point, explained:

15             Shifting the patent validity issue to the PTO has many advantages, including:

16             1. All prior art presented to the Court will have been first considered by the
               PTO, with its particular expertise.
17
               2. Many discovery problems relating to prior art can be alleviated by the PTO
18             examination.

19             3. In those cases resulting in effective invalidity of the patent, the suit will
               likely be dismissed.
20
               4. The outcome of the reexamination may encourage a settlement without
21             the further use of the Court.

22             5. The record of reexamination would likely be entered at trial, thereby
               reducing the complexity and length of the litigation.
23
               6. Issues, defenses, and evidence will be more easily limited in final pretrial
24             conferences after a reexamination.

25             7. The cost will likely be reduced both for the parties and the Court.

26   2006 U.S. Dist. LEXIS 46623, at *9-10 (quoting Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.,

27   3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987)).

28          The Court believes that it will benefit from the PTO's evaluation of how the previously

                                              8

                                                                                    06cv1572

1 unconsidered prior art references impact the claims of the patent-in-suit.  The PTO's expert

2 evaluation is likely to be of assistance not only as to the issues of validity, but its

3 understanding of the claims is also likely to aid this Court in the preliminary process of claim

4 construction.

5     The Court finds that, especially in this case, the reexamination process has the

6 potential to significantly narrow the issues for trial because of the impending expiration of the

7 '184 Patent.  While the parties have argued at length about exactly how this additional

8 variable affects the calculation of the likely outcome of reexamination, the Court need not

9 resolve this dispute to reach the proper conclusion.  It is enough to note that when

10 reexamination is requested by a third party, as in this case, all claims are confirmed only 29%

11 of the time.  (See PTO Reexamination Statistics at Ex. B to Niro Decl.; Doc. #180-3.)  Since

12 no amendments can be offered to an expired patent, there is obviously a significant likelihood

13 that the validity of the claims at issue in this action will be affected by the reexamination

14 process.[2]

15     In addition, the Court expects that the reexamination process will not only aid the

16 Court in these proceedings, but should also redound to the benefit of the parties, both

17 Defendants and Plaintiff.  As the Broadcast court explained in its discussion of the possibility

18 of prejudice from entering a stay:

19     If the PTO does not invalidate or otherwise alter the claims of the [] patent,
    the Plaintiffs' legal remedy remains unaffected . . . . Moreover, if the claims
20     are narrowed, both sets of parties will have benefitted by avoiding the
    needless waste of resources before this Court, and again, the Plaintiffs will
21     be able to pursue their claim for money damages at trial.  Finally, if the claims
    are strengthened, the Plaintiffs' position will be as well, and their likelihood
22     of monetary damages will increase. See, e.g., Motson, 2005 U.S. Dist.
    LEXIS, 2005 WL 3465664 at *1 ("[I]f the PTO upholds the validity of plaintiff's
23     patent, 'the plaintiff's rights will only be strengthened, as the challenger's
    burden of proof becomes more difficult to sustain.'") (quoting Pegasus Dev.
24     Corp., 2003 U.S. Dist. LEXIS 8052, 2003 WL 21105073 at *2).

25

26     [2] Plaintiff has argued that the PTO is unlikely to grant reexamination precisely because
    the '184 Patent will expire soon.  However, Plaintiff failed to produce any evidence to support
27 this contention.  Moreover, even if Plaintiff is correct, and the PTO fails to grant
    reexamination (a decision which should issue no later than October 30, 2007), this Court
28 would immediately lift the stay and these proceedings would continue – a relatively
    insignificant 2-month delay being all that would result.

2006 U.S. Dist. LEXIS 46623, at *32-33.   Accordingly, the Court finds that a stay is appropriate to avoid the risk of unnecessary litigation and to permit the clarification of issues before this Court.

Therefore, Defendants' motion to stay this litigation is **GRANTED IN PART** and **DENIED IN PART**.  With the exception of two pending motions, all proceedings are hereby stayed pending the PTO's reexamination of the '184 Patent.  The Court will continue to hear Plaintiff's pending motion for entry of default against Defendant Porter-Cable Corporation [Doc. #182], which is calendared for hearing on October 12, 2007.  As was discussed above in Section I, the Court will also continue to hear B&D's pending motion for reconsideration of Magistrate Judge Bencivengo's August 3, 2007 order regarding production of Dennis Dearing's attorney work product [Doc. #240], which is calendared for hearing on November 2, 2007.  The Clerk is directed to **VACATE** all scheduled discovery hearings, as well as the claim construction hearing previously set for November 19, 2007.  All hearing dates will be reset, to the extent appropriate, once the stay of these proceedings has been lifted.

Defendants are ordered to file a notice informing the Court of the PTO's decision on the pending application for reexamination within 10 days of receipt of such decision.  If the PTO declines B&D's request to reexamine the '184 Patent, the Court will immediately lift the stay and recalendar all vacated hearing dates.   If, however, the PTO approves reexamination, this stay will remain in place pending some resolution of those proceedings. During the pendency of the reexamination, Defendants will be required to file a notice every 6 months apprising the Court of any change in the status of those proceedings.

### IV.    Motion for Partial Summary Judgment

On August 30, 2007, Plaintiff filed a motion for partial summary judgment piercing the corporate veils of the Black & Decker Defendants, or in the alternative, holding them to be a single enterprise for purposes of patent infringement liability.  [Doc. #204.]  The motion is presently calendared for hearing on October 26, 2007.  In light of the Court's entry of a stay of these proceedings pending the PTO patent reexamination, the Court finds Plaintiff's

10

06cv1572

motion to be premature. Accordingly, the Court hereby **DENIES** Plaintiff's motion without prejudice.[3] As the Court is aware of the substantial volume of Plaintiff's motion, he is invited to refile this motion once the stay has been lifted by simply filing a short notice of motion which incorporates by reference his earlier filing.

**IT IS SO ORDERED.**

DATED:  September 10, 2007

Honorable Barry Ted Moskowitz
United States District Judge

---

[3] Plaintiff's pending motion to file confidential documents under seal in support of the motion for partial summary judgment [Doc. #204-5] is also **DENIED** as moot.

06cv1572

Exhibit 5

**Robert S. Mallin**
312·321·4221
rmallin@usebrinks.com

**BRINKS**
**HOFER**
**GILSON**
**&LIONE**
                                    ®
A Professional Corporation

Intellectual Property
Law Worldwide

*Via Facsimile Transmission to 858-824-9073*
*And U.S. First Class Mail*


March 12, 2008


Melody A. Kramer, Esq.
Kramer Law Office
9930 Mesa Rim Road
Suite 1600
San Diego, CA 92121

Re:  **Sorensen Research & Development Trust v. Emerson Electric Co.** *et al*
      **Case No. 3:08-cv-00060-BTM-CAB**
      **Sorensen Research & Development Trust v. Ryobi Technologies, Inc.** *et al*
      **Case No. 3:08-cv-00070-BTM-CAB**
      **Sorensen Research & Development Trust v. Senco Products, Inc.**
      **Case No. 3:08-cv-00071-BTM-CAB**

Dear Melody:

We plan to file a motion to stay in each of the above-referenced lawsuits.  The bases for the motions will be similar to the reasons why Judge Moskowitz ordered stays in the SRDT litigations with Black & Decker, Giant International, and Helen of Troy.

Please advise me if you will be opposing the motions to stay and, if so, on what basis.  We would prefer not to be required to file a contested motion if there is no basis for opposition different from those that the court has already rejected.

Best regards,

Robert S. Mallin

RSM:jms

cc:    Orlando F. Cabandy, Esq.
       Roger G. Perkins, Esq.

Exhibit 6

**Kramer Law Office, Inc.**

9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

VIA FAX 312-321-4221 ONLY

March 12, 2008

Mr. Robert S. Mallin
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611-5599

RE:    Sorensen Research & Development Trust v. Emerson Electric, et al
       USDC Southern District of California, Case No. 08cv00060
       Sorensen Research & Development Trust v. Ryobi Technologies, et al
       USDC Southern District of California, Case No. 08cv00070
       Sorensen Research & Development Trust v. Senco Products, Inc., et al
       USDC Southern District of California, Case No. 08cv00071

Dear Mr. Mallin:

       I have received your letter of this date advising us that your clients intend to file
motions to stay. Thank you for the advisement. We intend to oppose those motions.

                                    Sincerely,

                                    Melody A. Kramer

cc:    Orlando F. Cabanday – 310/305-2116 fax
       Roger G. Perkins – 619/557-0460 fax

Exhibit 7



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.go

*Ex Parte* Reexamination Filing Data  - June 30, 2006

1.  Total requests filed since start of ex parte reexam on 07/01/81.....................................8084

      a.  By patent owner                                    3313     41%
      b.  By other member of public                    4606     57%
      c.  By order of Commissioner                    165      2%

2.  Number of filings by discipline

      a.  Chemical Operation                            2496     31%
      b.  Electrical Operation                         2608     32%
      c.  Mechanical Operation                        2980     37%

3.  Annual Ex Parte Reexam Filings

| Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. |
|---|---|---|---|---|---|---|---|
| 1981 | 78 (3 mos.) | 1989 | 243 | 1997 | 376 | 2005 | 524 |
| 1982 | 187 | 1990 | 297 | 1998 | 350 | 2006 | 340 |
| 1983 | 186 | 1991 | 307 | 1999 | 385 | | |
| 1984 | 189 | 1992 | 392 | 2000 | 318 | | |
| 1985 | 230 | 1993 | 359 | 2001 | 296 | | |
| 1986 | 232 | 1994 | 379 | 2002 | 272 | | |
| 1987 | 240 | 1995 | 392 | 2003 | 392 | | |
| 1988 | 268 | 1996 | 418 | 2004 | 441 | | |

4.  Number known to be in litigation……………………………………………1895   23%

5.  Determinations on requests............................................................................7852

   a.  No. granted ......................................................................... 7160 ................... 91%

      (1)  By examiner                              7054
      (2)  By Director (on petition)             106

   b.  No. denied ........................................................................... 692 ................... 9%

      (1)  By examiner                              657
      (2)  Order vacated                         35

6. Total examiner denials (includes denials reversed by Director) .......................................763

    a. Patent owner requester                              430         56%
    b. Third party requester                               333         44%

7. Overall reexamination pendency  (Filing date to certificate issue date)

    a. Average pendency                            22.8  (mos.)
    b. Median pendency                             17.6  (mos.)

8. Reexam certificate claim analysis:

| | Owner Requester | 3rd Party Requester | Comm'r Initiated | Overall |
|---|---|---|---|---|
| a. All claims confirmed | 23% | 29% | 13% | 26% |
| b. All claims cancelled | 7% | 12% | 19% | 10% |
| c. Claims changes | 70% | 59% | 68% | 64% |

9. Total ex parte reexamination certificates issued (1981 - present) ..................................5433

    a. Certificates with all claims confirmed                 1410   26%
    b. Certificates with all claims canceled                  554   10%
    c. Certificates with claims changes                      3469   64%

10. Reexam claim analysis - requester is patent owner or 3rd party; or Comm'r initiated.

    a. Certificates _ PATENT OWNER REQUESTER ....................................................2360

        (1) All claims confirmed                    543   23%
        (2) All claims canceled                     174    7%
        (3) Claim changes                        1643   70%

    b. Certificates _ 3rd PARTY REQUESTER ...........................................................2934

        (1) All claims confirmed                    849   29%
        (2) All claims canceled                     353   12%
        (3) Claim changes                        1732   59%

    c. Certificates _ COMM'R INITIATED REEXAM ....................................................139

        (1) All claims confirmed                      18   13%
        (2) All claims canceled                     27   19%
        (3) Claim changes                        94   68%

Exhibit 8



**United States Patent and Trademark Office**

**PATENTS**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *e*Business | eBiz alerts | News | Help

**Patents** > **Search Collections** > **MPEP** > 2250 Amendment by Patent Owner [R-5] - 2200 Citation of Prior Art and Ex Parte Reexamination of Patents

Go to **MPEP - Table of Contents**

**browse before**

# 2250 Amendment by Patent Owner [R-5] - 2200 Citation of Prior Art and Ex Parte Reexamination of Patents

## 2250 Amendment by Patent Owner [R-5]

### 37 CFR 1.121 Manner of making amendments in application.

*****

(j) *Amendments in reexamination proceedings.* Any proposed amendment to the description and claims in patents involved in reexamination proceedings must be made in accordance with § **1.530**.

---

### 37 CFR 1.530 Statement by patent owner in *ex parte* reexamination; amendment by patent owner in *ex parte* or *inter partes* reexamination; inventorship change in *ex parte* or *inter partes* reexamination.

*****

(d) *Making amendments in a reexamination proceeding*. A proposed amendment in an *ex parte* or an *inter partes* reexamination proceeding is made by filing a paper directing that proposed specified changes be made to the patent specification, including the claims, or to the drawings. An amendment paper directing that proposed specified changes be made in a reexamination proceeding may be submitted as an accompaniment to a request filed by the patent owner in accordance with § **1.510(e)**, as part of a patent owner statement in accordance with paragraph (b) of this section, or, where permitted, during the prosecution of the reexamination proceeding pursuant to § **1.550(a)** or § **1.937**.

(1) *Specification other than the claims*. Changes to the specification, other than to the claims, must be made by submission of the entire text of an added or rewritten paragraph including markings pursuant to paragraph (f) of this section, except that an entire paragraph may be deleted by a statement deleting the paragraph, without presentation of the text of the paragraph. The precise point in the specification must be identified where any added or rewritten paragraph is located. This paragraph

applies whether the amendment is submitted on paper or compact disc (*see* §§ **1.96** and **1.825**).

(2) *Claims*. An amendment paper must include the entire text of each patent claim which is being proposed to be changed by such amendment paper and of each new claim being proposed to be added by such amendment paper. For any claim changed by the amendment paper, a parenthetical expression "amended," "twice amended," *etc.*, should follow the claim number. Each patent claim proposed to be changed and each proposed added claim must include markings pursuant to paragraph (f) of this section, except that a patent claim or proposed added claim should be canceled by a statement canceling the claim, without presentation of the text of the claim.

(3) *Drawings*. Any change to the patent drawings must be submitted as a sketch on a separate paper showing the proposed changes in red for approval by the examiner. Upon approval of the changes by the examiner, only new sheets of drawings including the changes and in compliance with § **1.84** must be filed. Amended figures must be identified as "Amended," and any added figure must be identified as "New." In the event a figure is canceled, the figure must be surrounded by brackets and identified as "Canceled."

(4) The formal requirements for papers making up the reexamination proceeding other than those set forth in this section are set out in § **1.52**.

(e) *Status of claims and support for claim changes*. Whenever there is an amendment to the claims pursuant to paragraph (d) of this section, there must also be supplied, on pages separate from the pages containing the changes, the status (*i.e.*, pending or canceled), as of the date of the amendment, of all patent claims and of all added claims, and an explanation of the support in the disclosure of the patent for the changes to the claims made by the amendment paper.

(f) *Changes shown by markings*. Any changes relative to the patent being reexamined which are made to the specification, including the claims, must include the following markings:

(1) The matter to be omitted by the reexamination proceeding must be enclosed in brackets; and

(2) The matter to be added by the reexamination proceeding must be underlined.

(g) *Numbering of patent claims preserved*. Patent claims may not be renumbered. The numbering of any claims added in the reexamination proceeding must follow the number of the highest numbered patent claim.

(h) *Amendment of disclosure may be required*. The disclosure must be amended, when required by the Office, to correct inaccuracies of description and definition, and to secure substantial correspondence between the claims, the remainder of the specification, and the drawings.

(i) *Amendments made relative to patent.* All amendments must be made relative to

the patent specification, including the claims, and drawings, which are in effect as of the date of filing the request for reexamination.

(j) *No enlargement of claim scope.* No amendment may enlarge the scope of the claims of the patent or introduce new matter. No amendment may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent.

(k) *Amendments not effective until certificate.* Although the Office actions will treat proposed amendments as though they have been entered, the proposed amendments will not be effective until the reexamination certificate is issued.

*****

**37 CFR 1.52 Language, paper, writing, margins, compact disc specifications.**

(a) *Papers that are to become a part of the permanent United States Patent and Trademark Office records in the file of a patent application or a reexamination proceeding.*

(1) All papers, other than drawings, that are submitted on paper or by facsimile transmission, and are to become a part of the permanent United States Patent and Trademark Office records in the file of a patent application or reexamination proceeding, must be on sheets of paper that are the same size, not permanently bound together, and:

(i) Flexible, strong, smooth, non-shiny, durable, and white;

(ii) Either 21.0 cm by 29.7 cm (DIN size A4) or 21.6 cm by 27.9 cm (8 1/2 by 11 inches), with each sheet including a top margin of at least 2.0 cm (3/4 inch), a left side margin of at least 2.5 cm (1 inch), a right side margin of at least 2.0 cm (3/4 inch), and a bottom margin of at least 2.0 cm (3/4 inch);

(iii) Written on only one side in portrait orientation;

(iv) Plainly and legibly written either by a typewriter or machine printer in permanent dark ink or its equivalent; and

(v) Presented in a form having sufficient clarity and contrast between the paper and the writing thereon to permit the direct reproduction of readily legible copies in any number by use of photographic, electrostatic, photo-offset, and microfilming processes and electronic capture by use of digital imaging and optical character recognition.

(2) All papers that are submitted on paper or by facsimile transmission and are to become a part of the permanent records of the United States Patent and Trademark Office should have no holes in the sheets as submitted.

(3) The provisions of this paragraph and paragraph (b) of this section do not apply to the pre-printed information on paper forms provided by the Office, or to the copy of the patent submitted on paper in double column format as the specification in a reissue application or request for reexamination.

(4) *See* § **1.58** for chemical and mathematical formulae and tables, and § **1.84** for drawings.

(5) Papers that are submitted electronically to the Office must be formatted and transmitted in compliance with the Office's electronic filing system requirements.

(b) *The application (specification, including the claims, drawings, and oath or declaration) or reexamination proceeding and any amendments or corrections to the application or reexamination proceeding.*

(1) The application or proceeding and any amendments or corrections to the application (including any translation submitted pursuant to paragraph (d) of this section) or proceeding, except as provided for in § **1.69** and paragraph (d) of this section, must:

(i) Comply with the requirements of paragraph (a) of this section; and

(ii) Be in the English language or be accompanied by a translation of the application and a translation of any corrections or amendments into the English language together with a statement that the translation is accurate.

(2) The specification (including the abstract and claims) for other than reissue applications and reexamination proceedings, and any amendments for applications (including reissue applications) and reexamination proceedings to the specification, except as provided for in §§ **1.821** through **1.825**, must have:

(i) Lines that are 1 1/2 or double spaced;

(ii) Text written in a nonscript type font (*e.g.*, Arial, Times Roman, or Courier, preferably a font size of 12) lettering style having capital letters which should be at least 0.3175 cm. (0.125 inch) high, but may be no smaller than 0.21 cm. (0.08 inch) high (*e.g.*, a font size of 6); and

(iii) Only a single column of text.

(3) The claim or claims must commence on a separate physical sheet or electronic page (§ **1.75(h)**).

(4) The abstract must commence on a separate physical sheet or electronic page or be submitted as the first page of the patent in a reissue application or reexamination proceeding (§ **1.72(b)**).

*****

**

Amendments to the patent (one which has not expired) may be filed by the patent owner with his or her request. See **MPEP § 2221**. Such amendments, however, may not enlarge the scope of a claim of the patent or introduce new matter. Amended or new claims which broaden or enlarge the scope of a claim of the patent should be rejected under **35 U.S.C. 305**. The test for when an amended or "new claim enlarges the scope of an original claim under **35 U.S.C. 305** is the same as that under the 2-year limitation for reissue applications adding enlarging claims under **35 U.S.C. 251**, last paragraph." *In re Freeman,* 30 F.3d 1459, 1464, 31 USPQ2d 1444, 1447 (Fed. Cir. 1994). See **MPEP § 2258** for a discussion of enlargement of claim scope. For handling of new matter, see **MPEP § 2270**. Amendments proposed in a reexamination will normally be entered and be considered to be entered for purposes of prosecution before the Office (if they are timely and comply with the rules); however, the amendments do not become effective in the patent until the reexamination certificate under **35 U.S.C. 307** is issued.

No amendment will be permitted where the certificate issues after expiration of the patent. See **37 CFR 1.530**(d)(3). The patent expiration date for a utility patent, for example, is determined by taking into account the term of the patent, whether maintenance fees have been paid for the patent, whether any disclaimer was filed as to the patent to shorten its term, any patent term extensions or adjustments for delays within the USPTO under 35 U.S.C. **154** (see MPEP § **2710** *et seq.*), and any patent term extensions available under 35 U.S.C. **156** for premarket regulatory review (see MPEP § **2750** *et. seq.*). Any other relevant information should also be taken into account.

*Amendment Entry -* Amendments which comply with **37 CFR 1.530(d)**-(j) (and are formally presented pursuant to 37 CFR **1.52(a)** and (b), and contain all fees required by 37 CFR **1.20**(c)) will be entered in the reexamination file pursuant to the guidelines set forth in **MPEP § 2234**.

## I.   MANNER OF MAKING AMENDMENTS IN REEXAMINATION PROCEEDINGS

Amendments made in a reexamination proceeding must comply with the formal requirements of 37 CFR 1.52(a) and (b), as do all papers that are to become a part of the permanent USPTO file records in a patent application or proceeding. If an amendment is submitted to add claims to the patent being reexamined (i.e., to provide new claims), then excess claim fees pursuant to 37 CFR **1.20**(c)(3) and (4) may be applicable to the presentation of the added claims. See MPEP § **2250.03**. In addition, the provisions of **37 CFR 1.530(d)**-(k) uniquely apply to amendments in both *ex parte* and *inter partes* reexamination proceedings, as follows.

### A.   The Specification

**37 CFR 1.530(d)**(1) relates to the manner of making amendments to the reexamination "specification" (other than the claims). It is not to be used for making amendments to the claims or the drawings.

**37 CFR 1.530(d)**(1) requires that all amendments, which include any deletions or additions, must be made by submission of the full text of any paragraph to be changed in any manner, with markings (brackets and underlining) showing the changes. It should be noted that examiner's amendments made at the time when the Notice of Intent to Issue Reexamination Certificate (NIRC) is prepared also require the full text of any paragraph to be changed, with markings. The exception for examiner's amendment set forth in 37 CFR **1.121(g)** does **not** apply to examiner's amendments in reexamination proceedings. It should further be noted that the requirement of 37 CFR **1.530(d)(1)** applies regardless of whether the amendment is submitted on paper or on compact disc (pursuant to 37 CFR **1.96** or **1.825**). The only exception to this requirement is that an entire paragraph of specification text may be deleted from the specification by a statement deleting the paragraph without the presentation of the text of the paragraph.

In accordance with 37 CFR **1.530(d)(1)**, all paragraphs which are added to the specification must be submitted as completely underlined.

**37 CFR 1.530(d)**(1) requires that the precise point where each amendment is to be made must be indicated.

**37 CFR 1.530(d)**(1) defines the "markings" by reference to **37 CFR 1.530(f)** as being brackets for deletion and underlining for addition. All bracketing and underlining is made in comparison to the original patent; not in comparison with the prior amendment.

Where a change is made in one sentence, paragraph or page of the patent, and the change increases or decreases the size of the sentence, paragraph or page, this will have no effect on the body of the reexamination "specification" (the copy of the patent). This is because all insertions are made as blocked additions of paragraphs, which are not physically inserted within the specification papers. Rather, each blocked paragraph is assigned a letter and number, and a caret written in the specification papers indicates where the blocked paragraph is to be incorporated. Therefore, a reexamination patent owner need not be concerned with page formatting considerations when presenting amendments to the Office.

**B.    The Claims**

**37 CFR 1.530(d)**(2) relates to the manner of making amendments to the claims in a reexamination proceeding. It is not to be used for making amendments to the remainder of the specification or to the drawings.

**37 CFR 1.530(d)**(2) requires that:

(A) for each claim that is proposed to be amended by the amendment paper being submitted (the current amendment paper), the entire text of the claim must be presented with appropriate markings showing the changes to the claim;

(B) for each proposed new claim which is added in the reexamination by the amendment paper being submitted (the current amendment paper), the entire text of the proposed new claim must be presented and it must be underlined

throughout;

(C) a patent claim is canceled by a direction to cancel that claim, there is no need to present the text of the patent claim surrounded by brackets; and

(D) a proposed new claim (previously added in the reexamination) is canceled by a direction to cancel that claim.

It should be noted that examiner's amendments made at the time when the Notice of Intent to Issue Reexamination Certificate (NIRC) is prepared also require the full text of any claim to be changed, with markings. The exception for examiner's amendment set forth in 37 CFR **1.121(g)** does **not** apply to examiner's amendments in reexamination proceedings. It should further be noted that the requirements of 37 CFR **1.530(d)(2)** apply regardless of whether the amendment is submitted on paper or on compact disc (pursuant to 37 CFR **1.96** or **1.825**).

In accordance with 37 CFR **1.530(e)**, each amendment submitted must set forth the status of all patent claims and all added claims as of the date of the submission. The status to be set forth is whether the claim is pending, or canceled. The failure to submit the claim status will generally result in a notification to the patent owner of an informal response (see MPEP § **2266.02**) prior to final rejection. Such an amendment submitted after final rejection will not be entered.

Also in accordance with 37 CFR **1.530(e)**, each claim amendment must be accompanied by an explanation of the support in the disclosure of the patent for the amendment (i.e., support for the changes made in the claim(s), support for any insertions and deletions). The failure to submit an explanation will generally result in a notification to the patent owner that the amendment prior to final rejection is not completely responsive since the failure to set forth the support in the disclosure goes to the merits of the case (see MPEP § **2266.01**). Such an amendment submitted after final rejection will not be entered.

**37 CFR 1.530(f)** identifies the type of markings required in the claim to be amended as underlining for added material and single brackets for material deleted.

**37 CFR 1.530(g)** states that original patent claims may not be renumbered. A patent claim retains its number even if it is canceled in the reexamination proceeding, and the numbering of any added claims must begin after the last original patent claim.

**C.   The Drawings**

With respect to amendment of the drawings in a reexamination proceeding, see **MPEP § 2250.01**.

Form paragraph **22.12** may be used to advise patent owner of the proper manner of making amendments in an *ex parte* reexamination proceeding.

**D.   *Form Paragraphs* - Ex Parte Reexamination**

**¶ 22.12 Amendments Proposed in a Reexamination - 37 CFR 1.530(d)-(j)**

Patent owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with **37 CFR 1.530(d)-(j)**, must be formally presented pursuant to **37 CFR 1.52**(a) and (b), and must contain any fees required by **37 CFR 1.20(**c).

**Examiner Note**

This paragraph may be used in the order granting reexamination and/or in the first Office action to advise patent owner of the proper manner of making amendments in a reexamination proceeding.

**¶ 22.13 Improper Amendment in an Ex Parte Reexamination - 37 CFR 1.530(d)-(j)**

The amendment filed **[1]** proposes amendments to **[2]** that do not comply with **37 CFR 1.530(d)**-(j), which sets forth the manner of making amendments in reexamination proceedings. A supplemental paper correctly proposing amendments in the present *ex parte* reexamination proceeding is required.

A shortened statutory period for response to this letter is set to expire ONE MONTH or THIRTY DAYS, whichever is longer, from the mailing date of this letter. If patent owner fails to timely correct this informality, the amendment will be held not to be an appropriate response, prosecution of the present *ex parte* reexamination proceeding will be terminated, and a reexamination certificate will issue. **37 CFR 1.550(d)**.

**Examiner Note**

This paragraph may be used for any **37 CFR 1.530(d)-(j)** informality as to a proposed amendment submitted in a reexamination proceeding prior to final rejection. After final rejection, the amendment should not be entered and patent owner informed of such in an advisory Office action using Form PTOL 467.

The cover sheet to be used for mailing the notification to the patent owner will be PTOL-473.

As an alternative to using form paragraph **22.13**, it would also be appropriate to use form PTOL-475.

Note that if the informal amendment is submitted <u>after final rejection</u>, form paragraph **22.13** and form PTOL-475 should not be used. Rather an advisory Office action (using form PTOL-467) should be issued indicating that the amendment was not entered. In the "Other" section, it should be explained that the amendment was not entered because it does not comply with **37 CFR 1.530(d)**-(j), which sets forth the manner of making amendments in reexamination proceedings.

**E.   Form Paragraphs - Inter Partes Reexamination**

See MPEP § **2666.01** for the form paragraphs to use in *inter partes* reexamination

proceedings, in advising the patent owner as to the manner of making amendments.

## II.   ALL CHANGES ARE MADE *VIS-A-VIS* THE PATENT BEING REEXAMINED

When a reexamination certificate is printed, all underlined matter is printed in italics and all brackets are printed as they were inserted in the proceeding in order to thereby show exactly which additions and deletions have been made in the patent via the reexamination proceeding. In accordance with **37 CFR 1.530(i)**, all amendments to the patent being reexamined must be made relative to the patent specification in effect as of the date of the filing of the request for reexamination. The patent specification includes the claims and drawings. If there was a prior change to the patent (made via a prior reexamination certificate, reissue of the patent, certificate of correction, etc.), the first amendment must be made relative to the patent specification as changed by the prior proceeding or other mechanism for changing the patent. All amendments subsequent to the first amendment must also be made relative to the patent specification in effect as of the date of the filing of the request for reexamination, and not relative to the prior amendment.

## III.   AMENDMENT AFTER THE PATENT HAS EXPIRED

Pursuant to 37 CFR **1.530(j)**, "[n]o amendment may be proposed for entry in an expired patent." Thus, if a patent expires during the pendency of a reexamination proceeding for a patent, all amendments to the patent claims and all claims added during the proceeding are withdrawn. This is carried out by placing a diagonal line across all amended and new claims (and text added to the specification) residing in the amendment papers. The patent owner should be notified of this in the next Office action. The Office action will hold the amendments to be improper, and state that all subsequent reexamination will be on the basis of the unamended patent claims. This procedure is necessary since no amendments will be incorporated into the patent by a certificate after the expiration of the patent.

37 CFR **1.530(j)** further states that "[m]oreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent."

Thus, at the time the NIRC is to be issued, the examiner should ensure that all rejected and objected to claims are canceled. The examiner should issue an examiner's amendment canceling any such claims not already canceled.

The cancellation of the original patent claims is the only "amendatory" change permitted in an expired patent.

## IV.   EXAMPLES

A substantial number of problems arise in the Office because of improper submission of proposed amendments in reexamination proceedings. The following examples are provided to assist in the preparation of proper proposed amendments in reexamination proceedings.

(A) Original Patent Description Or Patent Claim Amended

(1) Specification - submit a copy of the entire paragraph (of the specification of the patent) being amended with underlining and bracketing. Thus, the amendment would be presented as follows:

Replace the paragraph beginning at column 4, line 23 with the following:

Scanning [is] are controlled by clocks which are, in turn, controlled from the display tube line synchronization. The signals resulting from scanning the scope of the character are delivered in parallel, then converted into serial mode through a shift register, wherein the shift signal frequency is controlled by a clock that is controlled from the display tube line synchronization.

(2) Claims - for changes to the patent claims, one must submit a copy of the entire patent claim with the amendments shown by underlining and bracketing. Thus, the amendment would be presented as follows:

Amend claim 6 as follows:

Claim 6. (amended), The apparatus of claim [5] 1 wherein the [first] second piezoelectric element is parallel to the [second] third piezoelectric element.

If the dependency of any original patent claim is to be changed by amendment, it is proper to make that original patent claim dependent upon a later filed higher numbered claim.

(B) Cancellation of Entire Claim(s)

(1) Original patent claim canceled - in writing, direct cancellation of the entire patent claim.

Cancel claim 6.

(2) Proposed new claim (previously added in the reexamination) canceled - in writing, direct cancellation of the entire claim.

Cancel claim 15.

(C) Presentation Of New Claims Each proposed new claim (i.e., a claim not found in the patent, that is newly presented in the reexamination proceeding) should be presented with underlining throughout the claim.

Claim 7. The apparatus of claim 5 further comprising electrodes attaching to said opposite faces of the second and third piezoelectric elements.

Even though an original claim may have been canceled, the numbering of the original claims does not change. Accordingly, any added claims are numbered beginning with the next higher number than the number of claims in the original patent. If new claims have been added to the reexamination proceeding which are

later canceled prior to the issuance of the reexamination certificate, the examiner will renumber, at the time of preparing the NIRC for subsequent issuance of the certificate, any remaining new claims in numerical order to follow the highest number of the claims in the original patent. A claim number previously assigned to a new claim that has been canceled should not be reassigned to a different new claim during the reexamination proceeding. For example, if new claim 5 added in a prior amendment is canceled in a later amendment, a different new claim added in a later amendment during the reexamination proceeding would be claim 6. Of course, at the time of preparing the NIRC, claim 6 would be renumbered for issue of the reexamination certificate as claim 5.

(D) Amendment Of New Claims An amendment of a new claim (i.e., a claim not found in the patent, that was previously presented in the reexamination proceeding) must present the entire text of the new claim containing the amendatory material, and it must be underlined throughout the claim. The presentation cannot contain any bracketing or other indication of what was in the previous version of the claim. This is because all changes in the reexamination are made *vis-a-vis* the original patent, and not in comparison with any prior amendment. Although the presentation of the amended claim does not contain any indication of what is changed from a previous version of the claim, patent owner must point out what is changed, in the "Remarks" portion of the amendment. Also, as per **37 CFR 1.530(e)**, each change made in the claim must be accompanied by an explanation of the support in the disclosure of the patent (i.e., the reexamination specification) for the change.

(E) Amendment Of Original Patent Claims More Than Once The following example illustrates proper claim amendment of original patent claims in reexamination proceedings, where more than one amendment to a claim is made:

(1) Patent claim.

Claim 1. A cutting means having a handle portion and a blade portion.

(2) Proper first amendment format.

Claim 1. (amended), A [cutting means] knife having a bone handle portion and a notched blade portion.

(3) Proper second amendment format.

Claim 1. (twice amended), A [cutting means] knife having a handle portion and a serrated blade portion.

Note that the second amendment must include (1) the changes previously presented in the first amendment; i.e., [cutting means] knife, as well as (2) the new changes presented in the second amendment; i.e., serrated. The word bone was presented in the first amendment and is now to be deleted in the second amendment. Thus, "bone" is NOT to be shown in brackets in the second amendment. Rather, the word "bone" is simply omitted from the claim, since "bone" never appeared in the patent. The word notched which was presented in the first amendment is replaced by the word serrated in the second amendment. The word

notched is being deleted in the second amendment and did not appear in the patent; accordingly, "notched" is not shown in any form in the claim. The word serrated is being added in the second amendment, and accordingly, "serrated" is added to the claim and is underlined. It should be understood that in the second amendment, the deletions of "notched" and "bone" are not changes from the original patent claim text and therefore, are not shown in the second amendment. In both the first and the second amendments, the entire claim is presented only with the changes from the original patent text. If the patent expires during an *ex parte* or *inter partes* reexamination proceeding and the patent claims have been amended in that *ex parte* reexamination proceeding, the Office will hold the amendments as being improper, and all subsequent reexamination will be on the basis of the unamended patent claims. This procedure is necessary since no amendments will be incorporated into the patent by certificate after the expiration of the patent.

**V.   CROSS REFERENCES TO OTHER AREAS**

(A) For clerical handling of amendments, see MPEP § **2270** for *ex parte* reexamination proceedings, and see MPEP § **2670** for *inter partes* reexamination proceedings.

(B) As to amendments in a merged proceeding, see MPEP § **2283** for an *ex parte* reexamination merged with another *ex parte* reexamination and MPEP § **2285** for an *ex parte* reexamination merged with a reissue application. If an *inter partes* reexamination proceeding is included in the merger, see MPEP § **2686.01** and § **2686.03**.

(C) As to amendments in a pending reexamination proceeding where a reexamination certificate has issued for the patent based on a prior concluded reexamination, pursuant to MPEP § **2295**, any amendment made in the pending reexamination proceeding must be presented as if the changes made to the patent text via the reexamination certificate (for the prior concluded reexamination) are a part of the original patent. All italicized text of the certificate is considered as if the text was present without italics in the original patent. Further, any text of the reexamination certificate found in brackets is considered as if it were never present in the patent at all. Thus, for making an amendment in the pending reexamination, all italicized text of the reexamination certificate is presented in the amendment without italics. Further, any text found in brackets in the reexamination certificate is omitted in the amendment.

(D) As to amendments in a pending reexamination proceeding where a reissue patent has been granted, pursuant to MPEP § **2285**, subsection II.A., an amendment in a reexamination of a reissued patent is made the same way as in a reexamination of a reexamined patent (i.e., as per MPEP § **2295**). Thus, all italicized text of the reissue patent is presented in the amendment (made in the pending reexamination proceeding) without italics. Further, any text found in brackets in the reissue patent is omitted in the amendment (made in the pending reexamination proceeding).

(E) For handling a dependent claim in reexamination proceedings, see MPEP §

**2260.01**.

**browse after**



The **Inventors Assistance Center** *is available to help you on patent matters.Send questions about USPTO programs and services to the* **USPTO Contact Center (UCC)**. *You can suggest USPTO webpages or material you would like featured on this section by E-mail to the* **webmaster@uspto.gov**. *While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.*

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Last Modified: 12/05/2006 11:38:08

Go to **MPEP - Table of Contents**