1  Orlando Cabanday, (SBN 168131)
   ocabanday@hgla.com
2  Hennelly & Grossfeld LLP
   4640 Admiralty Way
3  Suite 850
   Marina Del Rey, CA 90292
4  Telephone: (310)305-2100
   Fax:  (310)305-2116
5
   Roger G. Perkins, Esq., CSB #86617
6  Rperkins@mpplaw.com
   Angela Kim, Esq., CSB #216374
7  Akim@mpplaw.com
   MORRIS POLICH & PURDY LLP
8  501 West Broadway, Suite 500
   San Diego, California 92101
9  Telephone: (619) 557-0404
   Facsimile:  (619) 557-0460
10
   Robert S. Mallin, Illinois Bar No. 6205051
11 Rmallin@brinkshofer.com
   Brinks Hofer Gilson & Lione
12 NBC Tower, Suite 3600
   455 North Cityfront Plaza Drive
13 Chicago, IL 60611-5599
   Telephone: (312) 321-4221
14 Facsimile:  (312) 321-4299

15 **Attorneys for Defendants Emerson Electric Co., Ridge Tool Company, and Ridgid Inc.**

16

17 **UNITED STATES DISTRICT COURT**

   **SOUTHERN DISTRICT OF CALIFORNIA**
18

19 JENS ERIK SORENSEN, As Trustee of          CASE NO. 3:08-cv-00060-BTM-CAB
   SORENSEN RESEARCH AND
20 DEVELOPMENT TRUST,                          **EMERSON ELECTRIC CO.'S, RIDGE
                                               TOOL COMPANY'S, AND RIDGID
21              Plaintiff,                     INC.'S MEMORANDUM OF POINTS
                                               AND AUTHORITIES IN SUPPORT OF
22       v.                                    MOTION TO STAY PENDING
                                               OUTCOME OF REEXAMINATION
23 EMERSON ELECTRIC CO., a Missouri            PROCEEDINGS
   Corporation; ONE WORLD TECHNOLOGIES,
24 INC., a Delaware corporation; RIDGE TOOL    Date:      May 16, 2008
   COMPANY, an Ohio Corporation; RIDGID,       Time:      11:00 a.m.
25 INC., a Delaware corporation; and DOES 1-100 Courtroom: 15
                                               Hon. Barry Ted Moskowitz
26              Defendants.

27                                             NO ORAL ARGUMENT UNLESS
                                               REQUESTED BY THE COURT
28

---

EMERSON ELECTRIC CO.'S, RIDGE TOOL COMPANY'S, AND RIDGID INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PENDING OUTCOME OF
REEXAMINATION PROCEEDINGS
3:08-CV-00060-BTM-CAB

## I.      INTRODUCTION

### A.      This Case Is In Its Earliest Stages

On January 10, 2008, Sorensen Research Development and Trust ("SRDT") sued Emerson Electric Co. ("EEC"), Ridge Tool Company ("RTC"), and Ridgid Inc. ("RI") (collectively "EMERSON") for alleged infringement of U.S. Patent No. 4,935,184 ("the '184 patent"). Defendants filed an answer on March 5, 2008. RTC also filed counterclaims concurrently with Defendants' answer. SRDT filed an amended answer to RTC's counterclaims on March 12, 2008. There has been no other activity in this case. In fact, this case is in its very early stages. In particular, there has not been a Rule 16 conference, the parties have not exchanged Rule 26 disclosures, an early neutral evaluation has not been scheduled (let alone even discussed), there has not been a scheduling conference, and there is no scheduling order or trial date set.

### B.      The '184 Patent is the Subject of Two Granted Requests For Reexamination

Black & Decker filed a third party request for *ex parte* reexamination of the '184 Patent in the United States Patent and Trademark Office ("PTO") on July 30, 2007 ("the first request for reexamination").[1] The first request for reexamination was granted on October 11, 2007.[2] In granting the first request for reexamination, the PTO found 13 substantial new questions of patentability based on eight prior art references ("the First Reexamination Order")[3].

On December 21, 2007, a second third party request for *ex parte* reexamination was filed with the PTO ("the second request for reexamination").[4] On February 21, 2008, the PTO granted the second request for reexamination, raising nine substantial new questions of patentability based on ten references (the "Second Reexamination Order").[5] The Second Reexamination Order included eight references that

---

[1] *Sorensen v. Black & Decker*, Case No. 06cv1572 BTM (CAB), hereinafter "*Sorensen v. Black & Decker*". The PTO-stamped transmittal for the First Request for Reexamination is attached hereto as Exhibit 1 to the accompanying Declaration of Robert S. Mallin In Support of Motion To Stay Pending Outcome of Reexamination Proceedings ("Mallin Decl.").
[2] *See* Mallin Decl. at Ex. 2.
[3] *Id.*
[4] Request for Reexamination, dated December 21, 2007. A copy of the Request was unavailable on the PTO website at the time this Motion was filed.
[5] Mallin Decl. at Ex. 3.

EMERSON ELECTRIC CO.'S, RIDGE TOOL COMPANY'S, AND RIDGID INC.'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PENDING OUTCOME OF
REEXAMINATION PROCEEDINGS
3:08-CV-00060-BTM-CAB

1    were not considered or relied upon in the First Reexamination Order.[6]  Thus, in total, there are 22

2    substantial new questions of patentability based on 16 references pending in the two PTO reexamination

3    proceedings.

4    **C.    This Court Has Stayed Five Cases Based on the Pending Reexaminations**

5    SRDT has over twenty cases presently pending before this Court.  Before the first request for

6    reexamination was ordered, notwithstanding SRDT's incorrect argument to this Court that the PTO was

7    unlikely to grant reexamination,[7] on September 10, 2007, this Court stayed SRDT's patent infringement

8    lawsuit against a group of defendants including the Black and Decker Corporation,[8] concluding that

9    even though that lawsuit had been pending for approximately one year, a stay was appropriate "to avoid

10    the risk of unnecessary litigation and to permit the clarification of issues before this Court."[9]  On

11    February 28, 2008, this Court also stayed SRDT's actions against Giant and Helen of Troy for the same

12    reasons as it stayed the Black & Decker case.[10]  The Giant and Helen of Troy cases were filed on

13    November 6, 2007 and December 4, 2007 respectively, *after* the first request for reexamination was

14    granted.  In granting those motions to stay, the Court noted "that a reasonable stay is appropriate . . .

15    because the litigation is in its early stages, Plaintiff has not established undue prejudice, and the

16    reexamination will simplify issues for the Court and save expenses for the parties."[11]  Most recently, on

17    March 19, 2008, this Court also granted the motions to stay in SRDT's cases against Energizer and

18    Esseplast.[12]

19    All of the same reasons for staying those cases apply in this case also.  In fact, in an attempt to

20    avoid a contested motion, Defendants sent a letter to SRDT advising that a stay was appropriate.[13]

21    Defendants also inquired whether SRDT would be opposing the motion to stay, and if so, on what new

22

---

23    [6] *Id.*

    [7] See *Sorensen v. Black & Decker, et al.*, Case No. 06CV1572 BTM (CAB), Doc. # 243, at fn. 2 (S.D. Cal. Aug. 7, 2006);
24    Mallin Decl. at Ex. 4.

    [8] *Id.*

25    [9] Mallin Decl. at Ex. 4, pg 10.

    [10] *Sorensen v. Giant Int'l Ltd.*, Case No. 07cv2121 BTM (CAB) (S.D. Cal. Nov. 6, 2007); *Sorensen v. Helen of Troy, et al.*,
26    Case No. 07cv2278 BTM (CAB) (S.D. Cal. Dec. 4, 2007).

    [11] *Sorensen v. Giant Int'l Ltd.*, Doc. #28, at pg 1; *Sorensen v. Helen of Troy, et al.*, Doc. # 26, at pg. 1.

27    [12] *Sorensen v. Energizer Holdings Inc., et al.*, Case No. 07cv2321 BTM (CAB), Doc. # 33 (S.D. Cal. Dec. 11, 2007);
    *Sorensen v. Esseplast (USA) NC, Inc. et al.*, Case No. 07cv2277 BTM (RBB), Doc. # 31 (S.D. Cal. Dec. 4, 2007).

28    -3-

1  basis that this Court had not already considered.  SRDT advised that it would oppose the motion, but did

2  not provide any basis for why it would oppose.[14]

3  **II.    STANDARD FOR A STAY PENDING REEXAMINATION PROCEEDINGS**

4          Courts have the inherent power and discretion to stay litigation proceedings pending the

5  conclusion of a PTO reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

6  Indeed, there is a liberal policy in favor of granting motions to stay litigation pending the outcome of

7  PTO reexamination proceedings.  September 10 Stay Order, at 5; *Photoflex Prods., Inc. v. Circa 3 LLC*,

8  2006 U.S. Dist. LEXIS 37743, at *2-3 (N.D. Cal. May 24, 2006).  A stay is particularly justified where,

9  as here, "the outcome of the reexamination would be likely to assist the court in determining validity

10 and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement

11 issue." *In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005);

12 *see also, Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983), *cert denied*, 464 U.S. 935

13 (1983) (reexamination procedure serves to eliminate trial when the claim is cancelled).

14         Courts generally consider three factors in determining whether to grant a stay pending

15 reexamination by the PTO: (1) the stage of litigation, i.e., whether discovery is almost complete and

16 whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear

17 disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and

18 trial of the case. *See, e.g.*, September 10 Stay Order, at 5; *Photoflex Prods., Inc.*, 2006 U.S. Dist. LEXIS

19 37743, at *3.  All three factors heavily favor a stay in this case.

20 **A.    THE LITIGATION IS IN ITS PRELIMINARY STAGES**

21         The first factor weighs strongly in favor of a stay.  This case was filed less than three months

22 ago.  Defendants filed their answer on March 5, 2008.  RTC, solely on its own behalf, filed

23 counterclaims concurrently with Defendants' answer.  SRDT filed an amended answer to RTC's

24 counterclaims on March 12, 2008.  The Rule 16 conference has not yet taken place, the parties have yet

25 to exchange Rule 26 disclosures, nor has this Court set a scheduling order.  Significantly, this case is at a

26

27 [13] Mallin Decl. at Ex. 5.

28 [14] Mallin Dec. at Ex. 6.

-4-

1    much earlier stage of litigation than the *Sorensen v. Black & Decker* case which was stayed by this

2    Court even before the first request for reexamination was ordered.  Here, this lawsuit was not even filed

3    until after the first request for reexamination was ordered and the second request for reexamination was

4    filed.

5         Now, the second request for reexamination has been ordered.  The two PTO reexaminations of

6    the '184 patent will potentially invalidate the asserted '184 patent claims which would completely

7    eliminate the need for a trial in this case.  As this Court has recognized, since SRDT cannot amend the

8    '184 patent claims, "there is obviously a significant likelihood that the validity of the claims at issue in

9    this action will be affected by the reexamination process."[15]  Allowing the PTO to continue its work

10   while this case is stayed will "avoid[] the needless waste of resources before this Court."[16]  *Broadcast*

11   *Innovation, L.L.C. v. Charter Commc'ns, Inc.*, No. 03cv2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 46623,

12   at \*9-10 (D. Colo. July 11, 2006).  Accordingly, this factor weighs heavily in favor of a stay.  *See KLA-*

13   *Tencor Corp. v. Nanometrics, Inc.*, 2006 U.S. Dist. LEXIS 15754, at \*6 (N.D. Cal. Mar. 16, 2006).

14   **B.    A STAY WOULD PREVENT, RATHER THAN CAUSE, UNDUE**
15        **PREJUDICE OR DISADVANTAGE TO THE PARTIES**

16        **1.    *A Stay Will Benefit, Rather than Unduly Prejudice, the Parties.***

17        A stay in this case will not unduly prejudice or disadvantage Plaintiff.  "This factor is best

18   summarized by one question: do the Plaintiffs have an adequate remedy at law?"  *See, e.g. Broadcast*

19   *Innovation*, 2006 U.S. Dist. LEXIS 46623, at \*32.  The resounding answer in this case is "yes".  To

20   begin with, the '184 Patent expired on February 5, 2008,[17] and thus Plaintiff is foreclosed any injunctive

21   relief.  Additionally, Plaintiff has an adequate remedy at law, since if the PTO does not invalidate the

22   asserted claim of the '184 Patent, Sorensen will be able to pursue monetary damages for any

23   infringement alleged to have occurred prior to the patent's expiration.  *Id.*  (citing *Laitram Corp. v. NEC*

24   *Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998)).

25   _____

26   [15] Mallin Decl. at Ex. 4, pg. 9.
     [16] *Id.*

27   [17] The '184 Patent expired on February 5, 2008.  *See* U.S. Patent No. 4,935,184 (continuation of abandoned application Serial
     No. 07/152.670, which was filed on February 5, 1988) and 35 U.S.C. 154(a)(2).

28                                         -5-

1    Nor may Sorensen reasonably claim that a stay pending reexamination proceedings would

2    unduly prejudice him by delaying an award of monetary damages.[18] Courts have consistently held that

3    such a delay does not, in and of itself, constitute undue prejudice. *See, e.g., Photoflex Prods., Inc.*, 2006

4    U.S. Dist. LEXIS 37743, at *7; *Nanometrics, Inc. v. Nova Measuring Instruments Ltd.*, 2007 U.S. Dist.

5    LEXIS 18785, at *9 (N.D. Cal. Feb. 26, 2007). In any event, an award of prejudgment interest would

6    fully compensate Plaintiff for a delay in collecting any damages to which he may be entitled. Indeed,

7    this Court has already determined that the "general prejudice of [Sorensen] having to wait for resolution

8    is not a persuasive reason to deny the motion for stay."[19] This conclusion is especially apt here where

9    only one patent is asserted and any delay is offset by the benefit inherent in ascertaining whether there is

10   *any* need for litigation. *Nanometrics*, 2007 U.S. Dist. LEXIS 18785, at *10.

11   Rather than prejudicing any party, the timeliness of this motion has the potential to benefit all

12   parties by preventing the unnecessary expenditure of resources. As stated by the court in *Broadcast*

13   *Innovation,*

14   > If the PTO does not invalidate or otherwise alter the claims of the [patent], the
15   > Plaintiffs' legal remedy remains unaffected . . . . Moreover, if the claims are
     > narrowed, *both* sets of parties will have benefited by avoiding the needless waste
16   > of resources before this Court, and again, the Plaintiffs will be able to pursue their
     > claim for money damages at trial. Finally, if the claims are strengthened, the
17   > Plaintiffs' position will be as well, and their likelihood of monetary damages will
     > increase.
18
     *Broadcast Innovation*, 2006 U.S. Dist. LEXIS 46623, at *32-33.
19

20   ## 2.    *Defendants Will be Unduly Prejudiced if a Stay is Denied*

21   In contrast, Defendants face substantial prejudice if this Court denies this motion for a stay. As

22   the Federal Circuit has held, the PTO is not bound by decisions of this Court when conducting its

23   reexamination proceedings. *In re Trans Texas Holdings Corp.*, 498 F.3d 1290, 1296-98 (Fed. Cir.

24   2007). If this case proceeds pending the reexaminations, there is a risk that Defendants may be ordered

25   to pay damages for infringement of a patent that the PTO later determines is invalid.

26

27   [18] Reexamination proceedings take, on average, approximately 18-23 months to conclude. *See* Mallin Decl. at Ex. 7.
     [19] Mallin Decl. at Ex. 4, pg. 7.

28   -6-

1    Substantial prejudice could therefore result, since Defendants may not be able to recover such

2    damages after the PTO concludes that the asserted claim is invalid.[20] *Bausch & Lomb, Inc. v. Alcon*

3    *Lab., Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996). A stay will ensure that this highly prejudicial

4    scenario does not occur.

5    **C.    A STAY WILL SIMPLIFY THE ISSUES IN QUESTION AND POSSIBLY ELIMINATE NEED FOR FURTHER LITIGATION**

6    A stay will significantly simplify the issues in question and ensure that any judicial and party

7    resources are spent only if trial is *necessary*.[21] "One purpose of the reexamination procedure is to

8    eliminate trial of that issue (when the claim is cancelled) or to facilitate trial of [the issue of invalidity]

9    by providing the district court with the expert view of the PTO (when a claim survives the

10   reexamination proceeding)." *Gould*, 705 F.2d at 1342. Additional benefits of staying the litigation

11   pending the PTO's reexamination proceedings include:

12        1.    Many discovery problems relating to prior art can be alleviated by the PTO examination.

13        2.    The outcome of the reexamination may encourage a settlement without the further use of

14   the Court's time and resources.

15        3.    The record of reexamination would likely be entered at trial, thereby reducing the

16   complexity and length of the litigation.

17        4.    Issues, defenses, and evidence will be more easily limited in final pretrial conferences

18   after a reexamination.

19        5.    The cost will likely be reduced both for the parties and the Court. *Broadcast*, 2006 U.S.

20   Dist. LEXIS 46623, at *9-10 (citing *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 3 U.S.P.Q.2d 1889,

21   1890 (N.D. Ill. 1987)).

22        In granting the first request for reexamination, the PTO determined that the previously

23   unconsidered prior art gives rise to substantial new questions of patentability. *See* First Reexamination

24

25   _____

     [20] Mallin Decl. at Ex. 4, pg. 7.

26   [21] Defendants also attempted to preserve these resources by avoiding a contested motion to stay. In particular, Defendants advised SRDT of this Motion in advance and sought SRDT's agreement or an identification of any new bases for its

27   opposition that this Court has not already considered in granting the other motions to stay. SRDT did not agree to a stay and did not identify any new bases for opposition.

28                                                    -7-

1   Order, at 4-14. In view of that preliminary determination, there is a substantial likelihood that the

2   validity of the asserted claims will be affected by the reexamination process.[22] With the PTO granting

3   the second request for reexamination, invalidation is now even more likely. Because the '184 Patent

4   expired on February 5, 2008, Sorensen is not permitted to amend claim 1 to overcome a determination

5   that it is invalid in view of the prior art. *See* 37 C.F.R. §1.530(j) (2007); *Manual of Patent Examining*

6   *Procedure* §2250(III).[23] Any such determination by the PTO will therefore effectively invalidate the

7   asserted claim, thus eliminating the need for any discovery, pretrial proceedings, or trial in this case.

8          At a minimum, since a substantial number of the prior art references in the reexamination

9   proceedings were not before the PTO during the patent's original prosecution, the Court will benefit

10  from the PTO's analysis should this Court have to determine the validity of the reexamined claims.

11  *Broadcast*, 2006 U.S. Dist. LEXIS 46623, at *22-23; September 10 Stay Order, at 9.

12  **II.    CONCLUSION**

13         When it provided for reexamination proceedings, Congress explained that, "it is anticipated that

14  these measures provide a useful and necessary alternative for challengers and patent owners to test the

15  validity of United States patents in an efficient and relatively inexpensive manner." H.R. REP. No. 96-

16  1307 pt. 1, at 4 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6460-6463. There could hardly be a more

17  appropriate case than this one in which to allow this alternative process to play out. Given that this case

18  is less than three months old, a stay has the potential to prevent the unnecessary expenditure of

19  significant court and party resources. A stay would benefit, rather than prejudice, the parties. For the

20  foregoing reasons, this Court should order this case stayed pending completion of the PTO's

21  reexaminations of the '184 patent.

22

23

24

25

26  [22] *See* Mallin Dec. at Ex. 4, pg 9. Statistics show the validity of all claims is confirmed only 29% of the time when reexamination is requested by a third party. *Id.* That percentage may decrease in view of the Supreme Court s recent decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007), concerning the standard for establishment of nonobviousness.

27  [23] *See* Mallin Dec. at Ex. 8.

28

-8-

1  Date: March 24, 2008                    MORRIS POLICH & PURDY, LLP

2

3                                          By:    s/Angela Kim
                                                  Attorneys for Defendant
4                                                 EMERSON ELECTRIC CO., RIDGE TOOL
                                                  COMPANY, AND RIDGID INC.
5                                                 Akim@mpplaw.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        -9-