MELODY A. KRAMER, SBN 169984
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
email: mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
email: michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, | ) Case No. 08cv00060 BTM CAB ) ) |
| Plaintiff | ) **MEMORANDUM OF POINTS &** ) **AUTHORITIES IN SUPPORT OF** |
| v. | ) **PLAINTIFF'S MOTION TO MODIFY** ) **PATENT LOCAL RULES SCHEDULE TO** |
| EMERSON ELECTRIC CO., a Missouri corporation; ONE WORLD TECHNOLOGIES, INC., a Delaware corporation; RIDGE TOOL COMPANY, an Ohio corporation; RIDGID, INC., a Delaware corporation; and DOES 1 – 100 | ) **ACCELERATE IDENTIFICATION OF** ) **CLAIMED INVALIDATING PRIOR ART** ) ) Date: May 23, 2008 ) Time: 11:00 a.m. ) Hon. Barry T. Moskowitz ) |
| Defendants. | ) NO ORAL ARGUMENTS UNLESS ) ORDERED BY THE COURT |
| and related counterclaims. | ) ) ) ) |

**INTRODUCTION**

Plaintiff/Cross-Defendant Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Sorensen") requests the Court pursuant to Patent L.R. 1.3 to accelerate the obligation of all parties claiming invalidity of the subject '184 patent to identify prior art that they contend invalidates the patent within 60 days.

The Patent Local Rules set the usual and customary date for service of preliminary invalidity contentions to be approximately four and a half months after filing suit. However, Patent L.R. 1.3 allows the Court to accelerate that and other deadlines when the circumstances warrant a change. Sorensen believes that circumstances warrant an acceleration of this deadline in all of the cases regarding U.S. Patent No. 4,935,184 (the '184 patent).

There are currently 24 patent infringement cases pending in this Court regarding the '184 patent[1]. In each case where an answer has been filed, the Defendants have asserted invalidity of the patent (and in some instances cross-complained for declaratory relief of invalidity) without identification of any factual

---

[1] *Sorensen v. DMS Holdings, et al*, Case No. 08cv559, filed March 25, 2008; *Sorensen v. Kyocera International, Inc., et al.*, Case No. 08cv411; *Sorensen v. Central Purchasing, LLC, et al.*, Case No. 08cv309; *Sorensen v. Logitech, Inc., et al.*, Case No. 08cv308; *Sorensen v. Metabo Corporation, et al.*, Case No. 08cv304; *Sorensen v. Rally Manufacturing, Inc., et al.*, Case No. 08cv302; *Sorensen v. Sunbeam Products, Inc., et al.*, Case No. 08cv306; *Sorensen v. Star Asia, U.S.A., LLC, et al.*, Case No. 08cv307; *Sorensen v. CTT Tools, Inc., et al.*, Case No. 08cv231; *Sorensen v. Global Machinery Company, et al.*, Case No. 08cv233; *Sorensen v. Emissive Energy Corp., et al.*, Case No. 08cv234; *Sorensen v. Alltrade Tools, LLC., et al.*, Case No. 08cv232; *Sorensen v. Motorola, Inc., et al.*, Case No. 08cv0136; *Sorensen v. Sanyo North America Corporation, et al.*, Case No. 08cv0135; *Sorensen v. Informatics, Inc., et al.*, Case No. 08cv0134; *Sorensen v. Ryobi Technologies, Inc., et al.*, Case No. 08cv0070; *Sorensen v. Senco Products, Inc.*, Case No. 08cv0071; *Sorensen v. Emerson Electric Co., et al*, Case No. 08cv0060; *Sorensen v. Johnson Level & Tool Mfg. Co., Inc.*, Case No. 08cv0025; *Sorensen v. Energizer Holdings, Inc., et al*, Case No. 07cv2321; *Sorensen v. Giant International, Inc., et al*, Case No. 07cv2121; *Sorensen v. Esseplast (USA) NC, Inc., et al*, Case No. 07cv2277; *Sorensen v. Helen of Troy Texas Corporation, et al*, Case No. 07cv2278; *Sorensen v. The Black & Decker Corporation, et al*, Civil Case No.: 06cv1572.

Case No. 08cv00060 BTM CAB

basis for that claim.  Many have also requested a stay pending conclusion of two reexaminations of the '184 patent currently pending before the USPTO.

In the order staying the low-number related case, *Sorensen v. Black & Decker Corporation, et al*, Case No. 06cv01572, this Court explained the rationale for a stay pending reexamination in part as follows:

> The Court believes that it will benefit from the PTO's evaluation of how the previously unconsidered prior art references impact the claims of the patent-in-suit.

*Id.*, at Docket #243, page 8:28-9:1 ("*Black & Decker Stay Order*").  In the Order, the Court also cited a list of advantages to stay pending reexamination from *Broadcast Innovation, L.L.C. v. Charter Communications, Inc.*, No. 03-cv-2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 45523, at *26-31 (D.Colo. July 11, 2006), including:

> Shifting the patent validity issue to the PTO has many advantages, including:
> 1.  All prior art presented to the Court will have been first considered by the PTO, with its particular expertise . . . .

*Black & Decker Stay Order*, Docket #243, page 8:15-17 (emphasis added).

In order to achieve the benefits that the Court intended to be gained from a stay pending reexamination, it is necessary for the sued parties that are asserting invalidity of the '184 patent to identify claimed invalidating prior art in sufficient time for that prior art to be provided to the USPTO and considered during the already pending reexamination proceedings.

Thus, Sorensen requests the Court to order the Defendants/Counterclaimants to disclose their claimed invalidating prior art within 60 days.

## FACTUAL SUMMARY

This patent infringement suit was filed on January 10, 2008 (Docket #1). Answers and Counterclaims were filed by the respective Defendants on March 5,

1  2008 (Docket # 19-22), each asserted invalidity of the '184 patent (*Id.* at Affirmative
2  Defense No. 2 and Second Counterclaim in each filing) without detail.

3  In July 2007 and December 2007, respectively, defendants in the related Black
4  & Decker case filed requests for *ex parte* reexamination of the '184 patent with the
5  USPTO. *Kramer Decl.* ¶ 4 and Exhibits A and B thereto. The prior art cited in the
6  second *ex parte* request contained several prior art references that had not been
7  disclosed to Sorensen in either of the parties' Preliminary Invalidity Contentions
8  served on February 2, 2007, nor the Amended Preliminary Invalidity Contentions
9  served on March 5, 2007, nor the first *ex parte* request. *Kramer Decl.* ¶ 5 and
10  Exhibits C and D thereto.

11  In the course of the present reexamination proceedings, Sorensen has, to their
12  knowledge, identified to the USPTO all claimed invalidating prior art identified to
13  Sorensen to date from any source. *Kramer Decl.* ¶ 6.

14  Although Sorensen has been in contact with one of more of the
15  Defendants/Counterclaimants in this case regarding the '184 patent since September
16  2004, none of the correspondence between the parties in this case has ever included
17  any identification of any prior art or other basis for invalidity of the '184 patent.
18  Thus, Sorensen has been unable to ensure that these Defendants' asserted prior art
19  will be reviewed by the USPTO. *Kramer Decl.* ¶ 7.

20
21                                **ARGUMENT**
22
23  I.    THIS COURT HAS THE POWER TO ACCELERATE DEADLINES SET
      FORTH IN THE LOCAL PATENT RULES, INCLUDING THE DEADLINE
24      FOR PRELIMINARY INVALIDITY CONTENTIONS.

25  "The court may accelerate, extend, eliminate, or modify the obligations or
26  deadlines set forth in these Patent Local Rules based on the court's schedule or the
27  circumstances of any particular case, including, without limitation, the complexity of
28  the case or the number of patents, claims, products, or parties involved. . . ." Patent

Case No. 08cv00060 BTM CAB

L.R. 1.3.

The Patent L.R. set the deadline for parties opposing a claim of patent infringement to serve Preliminary Invalidity Contentions not later than 60 days after service of Preliminary Infringement Contentions upon them.  Patent L.R. 3.3, *et seq.*

The circumstances of this case, along with the 23 other pending '184 patent cases, warrants acceleration of the deadline to disclose any asserted invalidating prior art in time for those pieces of prior art to be reviewed by the USPTO within the currently pending reexamination proceedings.

II.    ACCELERATION OF THE DEADLINE TO DISCLOSE CLAIMED
       INVALIDATING PRIOR ART WILL ALLOW CONCURRENT REVIEW
       OF ALL SUCH PRIOR ART BEFORE THE USPTO AND CONSERVE
       RESOURCES.

Pursuant to 35 U.S.C. § 302, requests for reexamination of a patent may be filed by "any person at any time . . . on the basis of any prior art cited under the provisions of section 301 [patents or printed publications which that person believes to have a bearing on the patentability of any claim of a particular patent] . . ."

The intent of having a reexamination process is to allow for a cost effective alternative to litigation regarding the validity of a patent.  That goal is largely lost when parties file successive reexamination requests (as has already been done with the '184 patent) and is entirely lost if pending reexaminations can and will be followed by successive judicial or USPTO validity challenges.  This problems inherent in successive reexaminations was already noted by the USPTO in 2004.  In explanation of certain rule changes, the USPTO stated:

> It has been the Office's experience, however, that both patent owners and third party requesters have used a second or subsequent reexamination request . . . to prolong the reexamination proceeding . . . . These actions by patent owners and third party requesters have resulted

in multiple reexaminations taking years to conclude, thus making it extremely difficult for the Office to conclude reexamination proceedings with "special dispatch" as required by statute (35 U.S.C. 305 for ex parte reexamination, 35 U.S.C. 314 inter partes reexamination).

See *Kramer Decl.* ¶ 8, Exhibit E thereto in the "Background" section.

In the *Black & Decker* case, the case had proceeded for almost a full year prior to the filing of the first reexamination request (see Case No. 06cv1572, Docket #1 vs. Docket #178). Yet, despite two productions of preliminary invalidity contentions, the defendants did not cite all of the prior art that was cited in a second reexamination request.

Neither the Court nor Sorensen, and more importantly, the USPTO currently conducting a reexamination of the '184 patent, know what prior art these Defendants/Counterclaims assert may be used as a basis to invalidate the '184 patent.

Unless the parties making a blanket claim of invalidity are required to promptly identify all prior art that they believe might invalidate the '184 patent, the stay-pending-reexamination benefit of "all prior art presented to the Court [having been] first considered by the PTO" as set forth by the courts in *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.,* 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987); *Broadcast,* supra; and this Court in the *Black & Decker* case, will be lost.

## CONCLUSION

Judicial efficiency will be greatly enhanced by acceleration of the deadline for the Defendants/ Counterclaimants in this case (and in all of the related '184 patent cases) to identify all items of claimed invalidating prior art within the next 60 days. This would allow Sorensen to advise the USPTO of all prior art asserted to be invalidating immediately. The USPTO could then consider the prior art within the currently pending reexamination proceedings. This consolidation of efforts into the currently pending reexaminations will reduce the likelihood of any further

Case No. 08cv00060 BTM CAB

1  substantial delays on the issue of patent validity after the pending reexamination
2  proceedings are concluded.

3       Sorensen    thus    respectfully    requests    the    Court    to    order    the
4  Defendants/Counterclaimants in this case to identify to Sorensen all items of claimed
5  invalidating prior art within 60 days.

6  RESPECTFULLY SUBMITTED this 26th day of March, 2008.
7

8                                    JENS ERIK SORENSEN, as Trustee of
9                                    SORENSEN RESEARCH AND DEVELOPMENT
                                     TRUST, Plaintiff
10

11                                   /s/ Melody A. Kramer
12                                   Melody A. Kramer, Esq.
                                     J. Michael Kaler, Esq.
13                                   Attorneys for Plaintiff
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28