MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff<br>v.<br><br>EMERSON ELECTRIC CO., a Missouri corporation; ONE WORLD TECHNOLOGIES INC., a Delaware corporation; RIDGE TOOL COMPANY, an Ohio corporation; RIDGID INC., a Delaware corporation; and DOES 1 – 100,<br><br>Defendants. | Case No. 3:08-cv-00060-BTM-CAB<br><br>**DECLARATION OF MELODY A. KRAMER IN SUPPORT OF PLAINTIFF'S MOTION FOR APPLICATION OF 35 U.S.C. § 295 PRESUMPTION OF INFRINGEMENT**<br><br>Date: June 20, 2008<br>Time: 11:00 a.m.<br>Courtroom 15<br>Honorable Barry T. Moskowitz<br><br>*NO ORAL ARGUMENTS UNLESS REQUESTED BY THE COURT*<br><br>(PLAINTIFF HAS REQUESTED ORAL ARGUMENTS IN THIS MATTER) |

I, MELODY A. KRAMER, declare:

1. I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2. At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("Sorensen"), Plaintiff in the above-captioned matter. This declaration is made in support of Plaintiff's Motion for Application of 35 U.S.C. §295 Presumption of Infringement.

3. I am one of the custodians of correspondence between Sorensen's attorneys and Defendants in this case.

4. On September 24, 2004, Sorensen's counsel, Michael Kaler, sent a formal request to Defendant Ridgid, Inc. under the United States Process Patent Amendments Act of 1988 (35 U.S.C. § 295) seeking factual information necessary to verify whether three of the products listed in the Complaint, sold, imported into, or used in the United States were made using the process patented in United States Patent No. 4,935,184 (the '184 patent"). Attached hereto as <u>Exhibit A</u> is a true and correct copy of letter dated September 24, 2004 which identifies two of the products which are the subject of this motion:

➢ Ridgid HD 3/8" VSR Drill, Model No. R7000
➢ Ridgid HD Reciprocating Saw, Model No. F3000

5. In a letter dated July 12, 2005, counsel for Ridgid, Inc. claimed that Ridgid did not manufacture the Accused Products, rather the Accused Products are manufactured by One World Technologies, Inc. and that the Ridgid trademark was used on the products pursuant to a trademark licensing agreement. The letter enclosed copies of Operator's Manuals for all three of accused products, pointing out the language therein stating "This product is manufactured by One World Technologies, Inc. under a trademark license from Ridgid, Inc." or similar wording.

Attached hereto as <u>Exhibit B</u> is a true and correct copy of letter dated July 12, 2005.

6.  On the basis of these representations, in a letter dated August 11, 2005, Mr. Kaler sent a similar formal request under 35 U.S.C § 295 to One World Technologies, Inc. (hereinafter "One World"). Attached hereto as <u>Exhibit C</u> is a true and correct copy of letter dated August 11, 2005. No response was ever received.

7.  On March 22, 2006, Mr. Kaler sent another letter to One World regarding the original accused products and identifying additional Ridgid products that appeared to infringe on the patent, including the following products that are the subject of this motion:

- Ridgid 18V Cordless ½" Hammer Drill, Model No. R8411503
- Ridgid 12V Right Angle Impact Driver, Model No. R82233
- Ridgid 12V Cordless 3/8" Drill, Model No. R82001
- Ridgid Heavy Duty 3 Speed ½" Right Angle Drill, Model No. R7130
- Ridgid Heavy Duty VSR Drywall Screwdriver, Model No. R6000
- Ridgid 7 ¼" Worm Drive Saw, Model No. R3210
- Ridgid Heavy Duty 11A Reciprocating Saw, Model No. R3001
- Ridgid Heavy Duty Variable Speed Belt Sander, Model No. R2720.

Again, no response was received.

8.  On June 7, 2006, another counsel for Sorensen, Melody Kramer, sent a follow-up request for information to One World, again indicating that One World's failure to respond would be supportive of the 35 U.S.C. § 295 presumption of infringement.

9.  Ms. Kramer received a letter dated June 13, 2006 from Robert Bugos, identified as General Counsel, on letterhead for Techtronic Industries North America, Inc. Mr. Bugos claimed an investigation and determination of non-infringement had been made, but gave no specific information of his source of information or nature of investigation. Mr. Bugos also claimed the existence of prior responses to "your law firm" confirming use of a non-infringing process, even

though no such responses had been given. Attached hereto as <u>Exhibit D</u> is a true and correct copy of letter dated June 13, 2006.

10. (In prior communications between Mr. Kaler and Mr. Bugos, Bugos had asserted that some accused Ryobi-brand products were manufactured with a process that would not infringe the '184 patent. However, despite repeated request, neither Mr. Bugos nor his company, would back up the self-serving exculpatory process assertions about Ryobi products under oath. Those communications did not involve any Ridgid-brand products.)

11. By letter dated July 10, 2006, Ms. Kramer requested sworn declarations to back up Mr. Bugos' assertions as to the manufacturing process for the Ridgid products from a U.S. resident.

12. Mr. Bugos failed and refused to provide such declarations, suggesting instead an affidavit that Techtronic had contacted its parent company and were confident that the information received was accurate.

13. Mr. Bugos, and a subsequent attorney involved in the matter, Mr. Mallin, were given numerous opportunities to have their client(s) sign sworn declarations as to the manufacturing process for the Ridgid products, but neither provided any declarations or other admissible evidence.

14. On December 7, 2007, Ms. Kramer sent formal infringement notices on the Ridgid products to Emerson Electric Co. and Ridge Tool Company, two other companies that appeared to be involved in the manufacture, import, sale and/or offer for sale of some of the accused Ridgid products. Those letters both identified all of the products that are the subject of this motion and made requests pursuant to 35 U.S.C. § 295 for actual manufacturing information. True and correct copies of these letters are attached hereto as <u>Exhibits E and F</u>.

15. Neither Emerson nor Ridge Tool provided any admissible evidence of the actual manufacturing process either. The lawsuit was filed on January 10, 2008.

16. Shortly before filing suit, I became aware of sworn testimony given by

Mr. Bugos in December 2006 in a Pennsylvania products liability case that involved his understanding of who manufactured Ridgid tools. A true and correct copy of the entire deposition transcript is attached hereto as Exhibit G.

17. In material part, Mr. Bugos, having identified himself as "general counsel for Techtronic Industries North America, Inc. and its various subsidiaries . . . including One World Technologies, Inc." (Exhibit G, page 5:23-6:4) testified as follows:

> Q. Does One World Technologies manufacture any products under the Ridgid name?
> A. No. . . .

(page 6:24-7:2)[1]

> A. Ridgid brand products are marketed by One World Technologies to the Home Depot, are sourced through a parent company, ultimate parent company, Techtronic Industries Company Limited.
> Q. Does One World Technology design the tools?
> A. One World Technologies, Inc., I imagine has had design input in connection with the line of various Ridgid brand products.

(page 7:23-8:3)

> A. We [One World] manufacture Ridgid brand products[2] as a supplier to Home Depot. There's a trademark license from the owner of the trademark, which I presume to be, as you've been calling them, Ridgid, Inc., so I believe that's the trademark owner. I understand it to be some entity owned by or controlled by Emerson.
> Q. . . . What's the relationship between Emerson and One World Technologies?
> A. I believe we service, we provide customer service under contract

---

[1] This statement is contrary to the owner's manual information for Ridgid products. See Kramer Declaration, Exhibit B.

[2] This statement is consistent with the owner's manual information for Ridgid products (Kramer Decl., Exh B), but contradicts Mr. Bugos' prior representation.

for certain products that were manufactured by Emerson[3].

(page 15:12-24).

    Q.    Who manufactures the tools?
    A.    Well a variety of people manufacture the products. They are sourced through our parent company and it might be manufactured by them or it might be manufactured by a third party that they contract.
    Q.    Okay, so let me try to understand this. You source the tools, which means? What does source mean in your mind?
    A.    Well Home Depot buys them from us, we buy them from somebody else. The third party we buy them from is our parent company in Hong Kong. Our parent company in Hong Kong may be the manufacturer, or it may be somebody else.[4]

(page 18:10-24)

    A.    The corporate entity, One World Technologies, Inc., technically does not manufacture anything.[5]
    Q.    So is it Techtronic that manufacturers them?
    A.    It may be, or they may source it from a third party.
    Q.    A third party not related to Techtronic, or another subsidiary?
    A.    It could be either.
    . . .
    A.    Well I don't want to mislead you. Our corporate entity, One World Technologies, Inc., plays a major role in the development of the product and decisions in regards to what that product will be like. We may have engineering input into the design of the product, in some cases we may not.

(page 19:6-20:4)

    18.    After the above-captioned suit was filed, attorney Mr. Mallin sent a self-

---

[3] This statement is inconsistent with Mr. Bugos' prior representation *and* inconsistent with the owner's manual information.

[4] This contradicts all of the previous statements regarding who manufacturers the products.

[5] This contradicts with the owner's manual statements and prior statements of Mr. Bugos.

6.

Case No. 3:08-cv-00060-BTM-CAB

1  serving document from a Chinese national who is not subject to the jurisdiction of
2  U.S. courts.  The Chinese signator purported to have corporate knowledge of no
3  fewer than three United States companies and one Hong Kong company.  The
4  document contained statements that contradicted with Mr. Bugos' sworn testimony
5  regarding identification of the manufacturers of Ridgid-brand products.  It further,
6  made numerous statements without adequate foundation or detail, and claimed that
7  the Ridgid power tools were manufactured with a non-infringement process.  It did
8  not identify the location of manufacture.

9        19.  Plaintiff has no way to confirm the identity or *bona fides* of the
10 purported signator of the self-serving document.  Plaintiff is unable to depose him
11 regarding the basis for his claimed knowledge, and has no way to delve into the
12 inconsistencies between his many statements and those of Mr. Bugos, the products
13 owner's manuals, or any other source of information.

14       I declare under penalty of perjury under the laws of the United States of
15 America that the foregoing paragraphs are true and correct to the best of my own
16 personal knowledge.

17 DATED this Wednesday, April 23, 2008.

                                                      /s/ Melody A. Kramer
                                                      Melody A. Kramer, Esq.