MELODY A. KRAMER, SBN 169984
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
email: mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
email: michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff<br><br>v.<br><br>EMERSON ELECTRIC CO., a Missouri corporation; ONE WORLD TECHNOLOGIES, INC., a Delaware corporation; RIDGE TOOL COMPANY, an Ohio corporation; RIDGID, INC., a Delaware corporation; and DOES 1 – 100<br>Defendants.<br>_____<br>and related counterclaims. | Case No. 08cv00060 BTM CAB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date:  August 8, 2008<br>Time:  11:00 a.m.<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz<br><br>*Oral Argument Has Been Respectfully Requested by Plaintiff* |

Plaintiff, pursuant to a shortened procedure outlined by Judge Moskowitz in related cases,[1] hereby requests the Court for an exception to the stay entered in this case in order to preserve evidence that will otherwise be unavailable after the stay. Plaintiff has presented its arguments in brief form pursuant to the Court's request.

Plaintiff has already requested this exception and discovery by letters to Defendants' counsel, but Defendants have failed to agree.  A list of all Accused Products (all Ridgid® brand tools) identified to date to the Defendants, whether in the Complaint or subsequent correspondence is attached hereto as Appendix B.

The requested discovery is as follows:

1. Confirmation of preservation of all prototype and production molds used in the production of the Accused Products if they are within possession, custody, or control of named Defendants; and

2. Confirmation of preservation of all design and technical documents for the Accused Products that are in the possession, custody, or control of named Defendants.

For any of the above categories of evidence that are in the possession, custody, or control of non-parties (as Plaintiff understands some to be), Plaintiff requests as follows:

3. Sworn identification of the company name(s) and address(es) of all non-party manufacturers, suppliers, and importers for the Accused Products; and

4. Court leave to use appropriate procedural steps to acquire the above-listed categories of evidence from, and/or conduct plant inspections of, non-parties.

Plaintiff believes these items of discovery are necessary and that delay until

---

[1] Sorensen v. Helen of Troy Texas Corporation, et al, Case No. 07cv02278 (see relevant portion of the transcript at Appendix A hereto); and Sorensen v. Black & Decker Corporation, Case No. 06cv1572 (see Docket # 264-277, various entries).

1    completion of the '184 patent reexamination creates the risk of loss of evidence.

2        Plaintiff has received contradictory information pre-litigation from the
3    Defendants regarding where and how the Accused Products are manufactured,
4    whether domestically or offshore by companies other than the named Defendants,
5    and companies which may or may not even have common ownership to the
6    Defendants.

7        The packaging for Ridgid® Accused Products state that they are manufactured
8    by Defendant One World Technologies in South Carolina (*Kramer Decl.*, ¶ 8,
9    Exhibit A), however, Mr. Bugos, general counsel for One World, recently gave
10   sworn testimony that is contradictory.

> Q. Does One World Technologies manufacture any products under the Ridgid name?
> A. [Mr. Bugos]   No. . . .

*Kramer Decl.*, ¶ 9, Exhibit B (page 6:24-7:2)[2]

> A. Ridgid brand products are marketed by One World Technologies to the Home Depot, are sourced through a parent company, ultimate parent company, Techtronic Industries Company Limited.

*Id.* (page 7:23-8:3)

> A. We [One World] manufacture Ridgid brand products[3] as a supplier to Home Depot. There's a trademark license from the owner of the trademark, which I presume to be, as you've been calling them, Ridgid, Inc., so I believe that's the trademark owner. I understand it to be some entity owned by or controlled by Emerson.
> Q. . . . What's the relationship between Emerson and One World

---

[2] This statement is contrary to the owner's manual information for Ridgid products. See *Kramer Decl.* ¶ 8, Exhibit A.

[3] This statement is consistent with the owner's manual information for Ridgid products (*Kramer Decl.* ¶ 8, Exhibit A), but contradicts Mr. Bugos' prior representation.

          Technologies?
 A.       I believe we service, we provide customer service under contract for certain products that were manufactured by Emerson[4].

*Id.* (page 15:12-24).

 Q.       Who manufactures the tools?
 A.       Well a variety of people manufacture the products. They are sourced through our parent company and it might be manufactured by them or it might be manufactured by a third party that they contract.
 Q.       Okay, so let me try to understand this. You source the tools, which means? What does source mean in your mind?
 A.       Well Home Depot buys them from us, we buy them from somebody else. The third party we buy them from is our parent company in Hong Kong. Our parent company in Hong Kong may be the manufacturer, or it may be somebody else.[5]

*Id.* (page 18:10-24)

 A.       The corporate entity, One World Technologies, Inc., technically does not manufacture anything.[6]
 Q.       So is it Techtronic that manufacturers them?
 A.       It may be, or they may source it from a third party.
 Q.       A third party not related to Techtronic, or another subsidiary?
 A.       It could be either.
 . . .
 A.       Well I don't want to mislead you. Our corporate entity, One World Technologies, Inc., plays a major role in the development of the product and decisions in regards to what that product will be like. We may have engineering input into the design of the product, in some cases we may not.

---

[4] This statement is inconsistent with Mr. Bugos' prior representation *and* inconsistent with the owner's manual information.

[5] This contradicts all of the previous statements regarding who manufacturers the products.

[6] This contradicts with the owner's manual statements and prior statements of Mr. Bugos.

4.

Case No. 08cv00060 BTM CAB

1  *Id.* (page 19:6-20:4)

2  Based on such confusing representations, and the letters from Defendants'
3  counsel that feign inability to even understand Plaintiff's request for preservation of
4  evidence (*Kramer Decl.,* ¶ 11, Exhibit C), there is no reason to believe that the
5  prototype and production molds for the Accused Products, and related design and
6  technical documents are being preserved by the named Defendants pending the stay
7  of this case.

8  There is even less reason to believe that non-parties to this case are preserving
9  evidence necessary to this case. "The obligation to preserve [evidence] arises when
10 the party has notice that the evidence is relevant to litigation -- most commonly when
11 the suit has already been filed, providing the party responsible for the destruction
12 with express notice, but also on occasion in other circumstances, as for example
13 when a party should have known that the evidence may be relevant to future
14 litigation." *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 371 (2006).

15 Unidentified, and thus non-party, manufacturers, suppliers, and importers, of
16 the Accused Products may not have notice of this lawsuit and Plaintiff has no means
17 of ensuring that they are preserving evidence for this case. Neither the Court nor
18 Plaintiff can informally request evidence preservation, much less compel it, without
19 this identification.

20 WHEREFORE, Plaintiff respectfully requests the Court to order an exception
21 to the stay in this case for purpose of conducting the discovery outlined above.

22 DATED this Monday, June 09, 2008.

> JENS ERIK SORENSEN, as Trustee of
> SORENSEN RESEARCH AND DEVELOPMENT
> TRUST, Plaintiff
>
> /s/ Melody A. Kramer
> ――――――――――――――――――
> Melody A. Kramer, Esq./J. Michael Kaler, Esq.
> Attorneys for Plaintiff

# PROOF OF SERVICE

I, Melody A. Kramer, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.

On Monday, June 09, 2008, I served the following documents:

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Roger G. Perkins, Esq<br>Angela Kim, Esq.<br>MORRIS POLICH & PURDY LLP<br>501 West Broadway, Suite 500<br>San Diego, California 92101<br>rperkins@mpplaw.com<br>akim@mpplaw.com | Emerson Electric Co., Ridge Tool Co., and Ridgid, Inc., One World Technologies, Inc. | Email - Pleadings Filed with the Court via ECF |
| Orlando F. Cabanday<br>HENNELLY & GROSSFELD LLP<br>4640 Admiralty Way, Suite 850<br>Marina del Rey, CA 90292<br>Telephone: (310) 305-2100<br>Facsimile: (310) 305-2116<br>ocabanday@hgla.com | Emerson Electric Co., Ridge Tool Co., and Ridgid, Inc. | Email - Pleadings Filed with the Court via ECF |
| Robert S. Mallin<br>Brinks Hofer Gilson & Lione<br>NBC Tower<br>455 N City Front Plaza Drive<br>Suite 3600<br>Chicago, IL 60611<br>rmallin@brinkshofer.com | Emerson Electric Co., Ridge Tool Co., and Ridgid, Inc., One World Technologies, Inc. | Email - Pleadings Filed with the Court via ECF |

1  ☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

☐ (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

I declare that the foregoing is true and correct, and that this declaration was executed on Monday, June 09, 2008, in San Diego, California.

/s/ Melody A. Kramer
Melody A. Kramer

```
 1              UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
 2

 3                                  )
     JENS ERIK SORENSEN, as         )
 4   Trustee of SORENSEN            )
     RESEARCH AND DEVELOPMENT       )
 5   TRUST,                         )
                                    )
 6                                  )
              Plaintiff,            ) Case No. 07cv02278BTM
 7                                  )
                                    )
 8              vs.                 )
                                    )
 9   HELEN OF TROY TEXAS            )
     CORPORATION; OXO               )
10   INTERNATIONAL, LTD; and        )
     DOES 1-100,                    )
11                                  )
                                    )
12            Defendants.           )
                                    ) San Diego, California
13                                  )
                                    ) February 25, 2008
14

15

16                   Status Conference

17       BEFORE THE HONORABLE BARRY TED MOSKOWITZ
              UNITED STATES DISTRICT JUDGE
18

19   APPEARANCES:

20   For the Plaintiff:        Kaler Law Offices
                               J. Michael Kaler
21                             9930 Mesa Rim Road St. 200
                               San Diego, CA 92121
22
                               Kramer Law Office
23                             Melody A. Kramer
                               9930 Mesa Rim Road, St.1600
24                             San Diego, CA 92121

25
```

APPENDIX A

| | | |
|---|---|---|
| 1 | | |
| 2 | *For the Defendants:* | Seyfarth Shaw<br>Eric B. Von Zeipel<br>2029 Century Park East,<br>Suite 3300<br>Los Angeles, CA 90067 |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | *Official Reporter:* | Barbara Harris CM/RPR/CRR<br>880 Front Street<br>San Diego, CA 92101<br>619-990-3116 |
| 7 | | |
| 8 | | |

APPENDIX A

```
 1  thing is if I grant them an extension of time to answer of 60
 2  days, and I grant the stay without prejudice and they answer
 3  on behalf of Helen of Troy of Texas, and Oxo International,
 4  then I think everything is taken care of.
 5           MR. VON ZEIPEL:  That sounds good.                      16:22:19
 6           THE COURT:  Mr. Kaler is about to speak.
 7           MR. KALER:  That would certainly be a resolution,
 8  not one I'm thrilled with.  Has the court considered the
 9  possibility of a partial stay allowing some discovery, that
10  does not address claim construction issues, to preserve         16:22:19
11  evidence in these cases that are newly filed?
12           THE COURT:  I have not considered it, but that is
13  certainly something that would be considered.  No one should
14  be prejudiced by the stay.  It would be unfair to the
15  plaintiff if there is a stay and something happens that they    16:22:19
16  lose evidence.  So that's always an implied exception.
17           The stay is always granted without prejudice.  If
18  that wasn't understood then perhaps it's my fault in not
19  making it clear.
20           MR. KALER:  Would we need to bring a separate          16:22:20
21  motion?
22           THE COURT:  First you would discuss it with the
23  party you would want to take discovery on, and if they didn't
24  agree, then you would then come before me.
25           MR. KALER:  Okay.                                       16:22:20
```

APPENDIX A

```
 1            THE COURT:  And I think I would try to do it in a
 2   way that the parties would file something very, very brief so
 3   they don't take up a lot of attorney time and work, and then
 4   I would hear it orally and I would rule on it right there.
 5            In other words, you would file something, maybe a      16:22:20
 6   page or two, saying we want to get an exception to the stay
 7   for the following reasons, we are going to come into court on
 8   such and such a date the clerk gives you, and we will flush
 9   them out, but here it is in capsule form.
10            MR. KALER:  Thank you, your Honor.                     16:22:21
11            THE COURT:  All right?  So that's when I say the
12   stays are granted without prejudice.  Well, does anyone have
13   a problem if we proceed this way?  I know it's not ultimately
14   what you want, but you can't -- isn't there a song, You Can't
15   Always Get What You Want?                                       16:22:21
16            MR. KALER:  Your Honor, I was actually hoping for
17   summary judgment in our favor this morning, but I'll take it.
18            THE COURT:  Well, we will do an order in that
19   regard.  Is 60 days enough to file an answer?
20            MR. VON ZEIPEL:  I believe so.                         16:22:21
21            THE COURT:  And the order will provide that you can
22   file an amended answer 30 days after any re-examination
23   decision.
24            MR. VON ZEIPEL:  Thank you, your Honor.
25            THE COURT:  All right?  So, then that will take        16:22:21
```

## APPENDIX A

Sorensen Research & Development Trust v. Emerson Electric, et al
Accused Products identified to Defendants as of June 9, 2008

- Ridgid 18V Cordless Reciprocating Saw
- Ridgid HD 3/8" VSR Drill
- Ridgid HD Reciprocating Saw
- Ridgid 18V Cordless ½" Hammer Drill
- Ridgid 18V Cordless 1/2 " Drill
- Ridgid 18V Cordless Drill
- Ridgid 14.4V Cordless ½" Drill
- Ridgid 12V Right Angle Impact Driver
- Ridgid 14.4V Impact Driver
- Ridgid 12V Cordless 3/8" Drill
- Ridgid Heavy Duty 3 Speed ½" Right Angle Drill
- Ridgid Heavy Duty 2 Speed ½" VSR Drill
- Ridgid Heavy Duty VSR Drywall Screwdriver
- Ridgid Heavy Duty ½" VSR Hammer/Pulse Drill
- Ridgid 7 ¼" Worm Drive Saw
- Ridgid Heavy Duty 7 ¼" Circular Saw
- Ridgid 18V Cordless Jig Saw
- Ridgid Variable Speed Orbital Jig Saw
- Ridgid Heavy Duty 11A Reciprocating Saw
- Ridgid 18V Cordless Hand Planer
- Ridgid Heavy Duty Variable Speed Belt Sander
- Ridgid 9.6V Pivoting Screwdriver
- Ridgid 9.6V Pivoting Screwdriver
- Ridgid Heavy Duty ½" Two Speed Hammer Drill
- Ridgid Heavy Duty VSR Drywall Screwdriver
- Ridgid Professional 3/8" VSR Drill
- Ridgid Heavy Duty ½" VSR Hammer Drill
- Ridgid Max Select Dual Voltage Jig Saw
- Ridgid Heavy Duty ½" VSR Drill
- Ridgid 12 Volt Cordless 3/8" Drill
- Ridgid Max Select Dual Voltage Reciprocating Saw
- Ridgid 18 Volt Compact Lithium – Ion Drill
- Ridgid Max Select Dual Voltage Circular Saw
- Ridgid 24 Volt Lithium-Ion Cordless Hammer Drill
- Ridgid Worklight
- Ridgid ¼ Sheet Sander
- Ridgid 5" Random Orbit Sander
- Ridgid Max Select Hand Planer
- Ridgid 6 ½" Compact Framing Saw
- Ridgid 12 Volt Right Angle Impact Driver
- Ridgid 7" Circular Saw
- Ridgid 7 ¼" Worm Drive Circular Saw
- Ridgid Variable Speed Orbital Jig Saw
- Ridgid ½" Right Angle Drill
- Ridgid Variable Speed Belt Sander
- Ridgid Twist Handle Orbital Reciprocating Saw
- Ridgid Heavy Duty 11Amp Reciprocating Saw
- Ridgid 18 Volt Cordless Impact Driver
- Ridgid 18 Volt Reciprocating Saw
- Ridgid 18 Volt Circular Saw
- Ridgid 18 Volt Cordless Hammer Drill

# APPENDIX B